JENNY H. WANG (SBN 191643)
JWang@maynardnexsen.com
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone: 310-596-4344

JAMES J. HOCKEL (SBN 340612)
JHockel@maynardnexsen.com
MAYNARD NEXSEN LLP
201 California Street, Suite 400
San Francisco, CA 94111
Telephone: 415-646-4704

Attorneys for Plaintiff-in-Interpleader
The Lincoln National Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff-in-Interpleader,<br><br>v.<br><br>FARKHONDEH MIRZADEH, MAEDEH MIRZADEH, SOHEYLA SANDOVAL, ZAHRA MIRZADEH, TAHEREH MIRZADEH, MOHSEN MIRZADEH, and DOES 1 through 10, inclusive,<br><br>Defendants-in-Interpleader. | Case No.<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S COMPLAINT-IN-INTERPLEADER** |

Plaintiff-in-Interpleader The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel, for its Complaint-in-Interpleader against Defendants-in-Interpleader Farkhondeh Mirzadeh, Maedeh Mirzadeh, Soheyla Sandoval, Zahra Mirzadeh, Tahereh Mirzadeh, Mohsen Mirzadeh, and Does 1 through 10, hereby states as follows:

**PARTIES**

1. Lincoln is, and at all relevant times was, a corporation organized under the laws of the State of Indiana, with its principal place of business in Radnor, Pennsylvania. Lincoln is licensed to conduct the business of insurance in the State of California.

2. Lincoln is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Farkhondeh Mirzadeh was the sister of the now-deceased Ghasem Mirzadeh ("Decedent") and is a citizen and resident of the State of California, residing in Irvine, California.

3. Lincoln is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Maedeh Mirzadeh was the sister of the Decedent and is a citizen, resident and subject of the Federal Republic of Germany.

4. Lincoln is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Soheyla Sandoval was the sister of the Decedent and is a citizen and resident of the State of California, residing in Fullerton, California.

5. Lincoln is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Zahra Mirzadeh was the sister of the Decedent and is a citizen, resident and subject of the Federal Republic of Germany.

6. Lincoln is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Tahereh Mirzadeh was the sister of the Decedent and is a citizen, resident and subject of the Federal Republic of Germany.

7. Lincoln is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Mohsen Mirzadeh was the brother of the Decedent and is

a citizen and resident of the State of California, residing in Orange County, California.

8. Lincoln is informed and believes, and on that basis alleges, that Does 1 through 10 are other claimants to the proceeds of the life insurance policy at issue in this case whose identities are currently unknown to Lincoln. Lincoln will promptly seek amendment to this Complaint-in-Interpleader to insert the names of the relevant parties if and when such parties become known to Lincoln.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1335 because there is minimal diversity between the parties and the amount in controversy exceeds $500.00.

10. This Court has subject matter jurisdiction over Count II pursuant to 28 U.S.C. § 1332 because there is complete diversity between Lincoln and the defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. This Court has subject matter jurisdiction over Count III pursuant to 28 U.S.C. § 1367 because the claim arises out of the same case or controversy as Count II. Additionally, as Count III is brought against Defendant Soheyla Sandoval only, the claim meets the diversity requirements of 28 U.S.C. § 1332, as there is complete diversity between Lincoln and Defendant Soheyla Sandoval and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

12. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

13. On March 30, 2023, Lincoln issued life insurance policy no. IUL1062973 (the “Policy”) insuring the life of the Decedent. A true and correct

copy of the Policy is attached hereto as **Exhibit A**. The Policy has a $5 million death benefit.

14. The Policy states the following regarding the designation of a Beneficiary:

> **Beneficiary** You may designate one Beneficiary or more than one Beneficiary. If you designate more than one Beneficiary, any Death Benefit Proceeds payable will be paid in equal shares to the survivors in the appropriate Beneficiary designation (primary, contingent, and second contingent), unless you submit a Request otherwise. If no Beneficiary is alive when the Death Benefit Proceeds become payable or in the absence of any Beneficiary designation, Death Benefit Proceeds will transfer and vest in you or in your executors, administrators or assigns.
>
> **Change of Beneficiary** While the Insured is alive, you may change the Beneficiary by submitting a Request. Unless a future date is specified by you, any change will take effect as of the date the Request is signed by you subject to any payments we make or other actions we take before we receive it. The Insured need not be living when the requested change is received at our Service Office, however the requested change must be delivered to us prior to the death of the Insured. The Beneficiary does not have to consent or sign the Request unless you have designated an Irrevocable Beneficiary.

15. In or around December 2023, Lincoln received a beneficiary designation from the Decedent dated December 19, 2023 (the "2023 Beneficiary Designation"), designating the following beneficiaries of the Policy:

a. Farkhondeh Mirzadeh – 35%
b. Maedeh Mirzadeh – 20%
c. Soheyla Mirzadeh – 15%

d. Zahra Mirzadeh – 10%

e. Tahereh Mirzadeh – 10%

f. Mohsen Mirzadeh – 10%

16. In or around October 2024, Lincoln received a beneficiary designation from the Decedent dated October 6, 2024 (the "2024 Beneficiary Designation") changing the 2023 Beneficiary Designation, as follows:

a. Farkhondeh Mirzadeh – 30%

b. Maedeh Mirzadeh – 10%

c. Soheyla Mirzadeh – 32.64%

d. Zahra Mirzadeh – 17.36%

e. Tahereh Mirzadeh – 10%

17. The Policy says: "Upon the Insured's death, while this Policy is still In Force, the Proceeds payable will be the Death Benefit Proceeds. Such Death Benefit Proceeds are payable subject to our receipt of Due Proof of Death of the Insured."

18. Lincoln is informed and believes that the Decedent died on October 11, 2024.

19. In or about December 2024, Lincoln received proof of the Decedent's death.

20. At the time of the Decedent's death, the beneficiary designation of record for the Policy was the 2024 Beneficiary Designation.

21. On January 24, 2025, Soheyla Sandoval (née Mirzadeh) submitted a claim to Lincoln for her share of the death benefits. Lincoln paid her 32.64% of the benefits in accordance with the 2024 Beneficiary Designation of record, or $1,636,856.83. That amount included $4,856.83 for interest.

22. On January 31, 2025, Lincoln received an email from counsel for Mohsen Mirzadeh alleging that the 2024 Beneficiary Designation was "the result of undue influence and abusive practices." This was the first time Lincoln was made

aware of any dispute concerning the validity of the Decedent's beneficiary designation of record.

23. Thereafter, counsel for Mohsen Mirzadeh provided Lincoln with a copy of a complaint filed by Mohsen Mirzadeh in the Superior Court of the State of California for the County of Orange (the "State Court Action") on August 26, 2025, challenging the validity of the Decedent's 2024 Beneficiary Designation. A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit B**.

**COUNT I**

**Interpleader Relief (Against All Defendants)**

24. Lincoln incorporates the foregoing paragraphs by reference as if set forth fully herein.

25. Lincoln is currently in possession of the remaining Policy benefits, totaling $3,368,000. However, due to competing claims to such benefits by the Defendants named in this case, including Mosen Mirzadeh as described above, Lincoln cannot distribute the remaining Policy benefits without risking exposure to multiple competing claims and liabilities.

26. Lincoln is not in collusion with any of the Defendants and is interpleading these funds in good faith, without any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

27. Lincoln is merely a disinterested stakeholder of the remaining Policy benefits, insofar as Lincoln makes no claim to such benefits, other than for reimbursement of its reasonable attorney's fees and costs incurred to bring/maintain this action.

28. Lincoln is ready, willing, and able to pay the remaining Policy benefits, in accordance with the terms of the Policy, in such amounts and to whichever Defendant or Defendants the Court, or the trier of fact, shall determine is entitled to them.

29. Lincoln will deposit into the Registry of the Court the remaining Policy benefits, plus any applicable interest due and owing up to the date of deposit, for disbursement in accordance with the Judgment of this Court.

**COUNT II**

**Declaratory Relief (Against All Defendants)**

30. Lincoln incorporates the foregoing paragraphs by reference as if set forth fully herein.

31. California Insurance Code Section 10172 states:

> Notwithstanding Sections 751 and 1100 of the Family Code and Section 249.5 of the Probate Code, when the proceeds of, or payments under, a life insurance policy become payable and the insurer makes payment thereof in accordance with the terms of the policy, or in accordance with the terms of any written assignment thereof if the policy has been assigned, that payment shall fully discharge the insurer from all claims under the policy unless, before that payment is made, the insurer has received, at its home office, written notice by or on behalf of some other person that the other person claims to be entitled to that payment or some interest in the policy.

32. Lincoln did not receive written notice of any competing claim to the Policy benefits prior to Lincoln's $1,636,856.83 payment to Defendant Soheyla Sandoval.

33. An actual controversy exists between Lincoln on the one hand and the interpleader Defendants on the other hand as to whether Lincoln is discharged from any and/or all liability with respect to Lincoln's $1,636,856.83 payment to Defendant Soheyla Sandoval.

34. Lincoln does not have an adequate alternative remedy at law for resolving this controversy.

35. Lincoln is entitled to a declaration that it has no further liability for the portion of the Policy proceeds that have already been paid to Defendant Soheyla Sandoval.

**COUNT III**

**Unjust Enrichment / Mistaken Receipt (Against Defendant Soheyla Sandoval)**

36. Lincoln incorporates the foregoing paragraphs by reference as if set forth fully herein.

37. This claim is brought in the alternative to Count II. This claim shall be maintained only if and to the extent Lincoln is not entitled to the declaratory relief sought in Count II.

38. If a finding is made in this action that the 2024 Beneficiary Designation is not valid and that the 2023 Beneficiary Designation should be given legal effect instead of the 2024 Beneficiary Designation, Defendant Soheyla Sandoval was entitled to only 15% of the Policy benefits, not 32.64%.

39. If a finding is made in this action that the 2024 Beneficiary Designation is not valid and that the 2023 Beneficiary Designation should be given legal effect instead of the 2024 Beneficiary Designation, Defendant Soheyla Sandoval was mistakenly overpaid by at least 17.64% of the Policy's death benefit, or $882,000.

40. If a finding is made in this action that the 2024 Beneficiary Designation is not valid and that the 2023 Beneficiary Designation should be given legal effect instead of the 2024 Beneficiary Designation, Defendant Soheyla Sandoval has been unjustly enriched by at least 17.64% of the Policy benefits, or $882,000.

41. If a finding is made in this action that the 2024 Beneficiary Designation is not valid (or any other settlement or judgment is entered in this action that differs from the 2024 Beneficiary Designation) and the Court denies the declaratory relief sought in Count II, this Court should award to Lincoln the difference between the $1,636,856.83 paid to Defendant Soheyla Sandoval and the amount owed to Defendant Soheyla Sandoval under the 2023 Beneficiary Designation (or pursuant

to any other settlement or judgment entered in this action that differs from the 2024 Beneficiary Designation).

## PRAYER FOR RELIEF

WHEREFORE, Lincoln prays for judgment in its favor, as follows:

1. That, upon Lincoln's interpleader of the remaining Policy benefits, the Court enter an order restraining and enjoining the Defendants-in-Interpleader from instituting or maintaining any action or proceeding in any state or federal court against Lincoln and any of its affiliates, successors, employees, representatives or agents for, or in connection with, any claim relating to or arising out of their claim for the remaining Policy benefits;

2. That Defendants be required to litigate and/or settle among themselves their claimed rights to the remaining Policy benefits;

3. That the Court grant declaratory relief declaring that Lincoln has been discharged from any liability for the $1,636,856.83 paid to Defendant Soheyla Sandoval pursuant to California Insurance Code Section 10172;

4. That Lincoln be discharged of any and all further liability with respect to the Policy and any/all Policy benefits due thereunder as a result of Decedent's death and be dismissed with prejudice from this case; and

5. That Lincoln be awarded its attorneys' fees and costs incurred to bring/maintain this interpleader case, paid out of the stake to be deposited with the Court; or

6. In the alternative, that Lincoln be awarded a return of any benefits and interest it paid to Defendant Soheyla Sandoval, which may be deemed an overpayment in accordance with whatever beneficiary designation the Court determines was valid at the time of the Decedent's death.

7. That Lincoln be awarded such other and further relief as this Court deems just, equitable, and proper.

Dated: May 7, 2026

MAYNARD NEXSEN LLP

By: */s/ James J. Hockel*

JENNY H. WANG
JAMES J. HOCKEL
Attorneys for Plaintiff-in-Interpleader
The Lincoln National Insurance Company