Roger J. Buffington (State Bar No. 191960)
Rye Mhtar (State Bar No. 330837)
Buffington Law Firm, PC
8840 Warner Ave., Suite 300
Fountain Valley, CA 92708
Main: (714) 842-6124
Fax: (714) 842-6134
notice@buffingtonlawfirm.com

Attorneys for Defendant Mohsen Mirzadeh

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>PLAINTIFF<br><br>V.<br><br>FARKHONDEH MIRZADEH, MAEDEH MIRZADEH, SOHEYLA SANDOVAL, ZAHRA MIRZADEH, TAHEREH MIRZADEH, MOHSEN MIRZADEH, DOES 1 THROUGH 10, INCLUSIVE<br><br>DEFENDANTS. | Civil Action No.: 8:26-cv-01113-JVS-JDE<br><br>**DEFENDANT-IN-INTERPLEADER MOHSEN MIRZADEH'S REPLY TO PLAINTIFF THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5); ALTERNATIVELY MOTION TO QUASH PURPORTED SERVICE; SUPPLEMENTAL DECLARATION OF RYE MHTAR, ESQ.**<br><br>Date: August 24, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Judge: Honorable James V. Selna |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... 4

MEMORANDUM OF POINTS AND AUTHORITIES .......... 6

I. INTRODUCTION. .......... 6

II. LINCOLN BEARS THE BURDEN OF PROVING THAT BUFFINGTON LAW FIRM WAS AUTHORIZED TO ACCEPT ORIGINAL PROCESS. .......... 8

III. IMPLIED AUTHORITY MUST ARISE FROM MOHSEN'S MANIFESTATION .......... 8

OF INTENT, NOT FROM LINCOLN'S INTERPRETATION OF COUNSEL'S CONDUCT... 8

A. Mohsen Had Not Established Any Implied Authority Establishing An Agency Relationship With Buffington Law Firm Related To This Federal Matter. .......... 8

B. Buffington Law Firm Expressly Refused Service Which Negates Plaintiff's Claimed Belief In Its Authority. .......... 9

C. Attorney Goldstein's Communication with Lincoln Related to The State Action Did Not Create An Agency Relationship for Service in a Later Federal Action. .......... 10

IV. LINCOLN'S AUTHORITIES DO NOT ESTABLISH THAT COUNSEL IN A .......... 12

SEPARATE PROCEEDING IS AUTOMATICALLY AUTHORIZED TO ACCEPT SERVICE. .......... 12

A. *In Re Focus Media* Required Evidence of Authority Traceable To the Client. .......... 12

B. *Warner Bros*. Did Not Hold That Service on Counsel Was Valid as a Matter of Law. ... 13

C. *Estate of Moss* Expressly Limits Its Holding to Counsel Already Appearing In The Same Proceeding. .......... 13

D. *Bosurgi* Is Materially Distinguishable In That An Attorney Does Not Become An Agent For Service By Appearing in Separate Litigation. .......... 14

E. *Monolithic Power Systems* Does Not Authorize Unilateral Service without Court Order Under Federal Rule 4(f)(3). .......... 15

V. *SCHLUNK* PRESUPPOSES A VALIDLY AUTHORIZED DOMESTIC AGENT AND DOES NOT ESTABLISH AGENCY .......... 16

VI. PLAINTIFF'S INCORRECT USE OF THE IRVINE ADDRESS ONLY .......... 17

HIGHLIGHTS LINCOLN'S FAILURE TO SERVE MOHSEN OF THIS ACTION. .......... 17

VII. THE COURT SHOULD DISMISS THE COMPLAINT AGAINST MOHSEN OR, AT MINIMUM, QUASH THE JULY 1 PURPORTED SERVICE. .......... 17

VIII. CONCLUSION. .......... 18

# TABLE OF AUTHORITIES

## Cases

Brockmeyer v. May (9th Cir. 2004) 383 F.3d 798, 801 .......... 5

Estate of Moss (2012) 204 Cal.App.4th 521, 522.......... 11

Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992).......... 10

Monolithic Power Sys., Inc. v. Silergy Corp. (N.D.Cal. 2015 127 F. Supp. 3d 1071, 1078........ 13

Olympus Corp. v. Dealer Sales & Serv., Inc., 107 F.R.D. 300, 305 (E.D.N.Y. 1985)................ 12

Rio Props., Inc. v. Rio Int'l Interlink 284 F.3d 1007, 1016 .......... 13

Rubin v. Pringle (In re Focus Media Inc.) (9th Cir. 2004) 387 F.3d 1077, 1083-1084................. 9

Rubin v. Pringle (In re Focus Media Inc.) (9th Cir. 2004) 387 F.3d 1077, 1084 .......... 10

United States v. Bosurgi 343 F. Supp. 815, 817-18 (S.D.N.Y 1972) .......... 12

United States v. Ziegler Bolt & Parts Co. (Fed.Cir. 1997) 111 F.3d 878, 879 .......... 7

Volkswagenwerk Aktiengesellschaft v. Schlunk (1988) 486 U.S. 694, 707-708.......... 13

Warner Bros. Records, Inc. v. Golden West Music Sales (1974) 36 Cal.App.3d 1012, 1018 ..... 10

Warner Bros. Records, Inc. v. Golden West Music Sales (1974) 36 Cal.App.3d 1018, 1019 ..... 10

Warner Bros. Records. v. Golden W. Music Sales (1974) 36 Cal. App. 3d 1012, 1018............. 13

## Statutes

California Code of Civil Procedure section 416.90 .......... 3

Civil Code § 2317 .......... 6

Code Civ. Proc., § 490.16 .......... 11

## Rules

Federal Rule of Civil Procedure 4(f)(3) .......... 13

Federal Rule of Civil Procedure 4(f)(3) .......... 13

Federal Rule of Civil Procedure 4(f)(3) .......... 13

Federal Rule of Civil Procedure 4(e)(2)(C) .......... 3

Federal Rules of Civil Procedure 4(e)(2)(C) .......... 5

Rule 12(b)(5) .......... 5

Rule 4(a)........................................................................................................................... 14
Rule 4(e)........................................................................................................................... 14
Rule 4(e)(2)(A) ................................................................................................................. 14
Rule 4(e)(2)(B).................................................................................................................. 14
Rule 4(e)(2)(C)............................................................................................................. 5, 14
Rule 4(f) ............................................................................................................................ 14
Rule 4(f)(3) ....................................................................................................................... 13

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Plaintiff in Interpleader The Lincoln National Life Insurance Company's ("Plaintiff" or "Lincoln") Opposition establishes that Buffington Law Firm represented Defendant in Interpleader Mohsen Mirzadeh ("Defendant" or "Mohsen") concerning the underlying dispute over the beneficiary designation of the Lincoln life insurance policy. It also establishes that the Buffington Law Firm knew Lincoln had filed this action. ***Neither fact establishes the legally distinct requirement that Mohsen authorized Buffington Law Firm to receive the summons and Complaint commencing this federal action***.

Lincoln conflates three separate concepts: representation concerning an underlying dispute, actual notice of a lawsuit, and authority to accept original process. Only the third satisfies Federal Rule of Civil Procedure 4(e)(2)(C) or California Code of Civil Procedure section 416.90. Lincoln identifies no retainer provision, power of attorney, statement by Mohsen, prior course of accepting original process, or other act by Mohsen conferring authority on Buffington Law Firm to accept service. Instead, Lincoln relies almost exclusively on the conduct of the alleged agent of Buffington Law Firm, Attorney Sam Goldstein, Esq., to manufacture an agency relationship that Mohsen never created.

Lincoln was informed that Attorney Goldstein had not been working with Buffington Law Firm since Mohsen filed the underlying Original Complaint in August 2025[1], and Attorney Mhtar expressly communicated with Plaintiff's counsel informing them of the reassignment of the matter and assumption of primary responsibility within the firm [Declaration of Rye Mhtar, Esq. ("Mhtar Dec.") ¶¶8-9 Exhibit 1]. Counsel spoke several times and there was no representation or indication of an implied agency relationship related that would prompt Petitioner to believe that Buffington Law Firm would be an authorized agent related to the underlying federal lawsuit. ***To the contrary, Lincoln was explicitly informed by and through***

[1] Mohsen Mirzadeh has since filed a First Amended Complaint on May 22, 2026, the current operative pleading in the underlying state court action.

***communications of counsel that Mohsen resided in Germany, that he would not waive service, and that Buffington Law Firm was not agreeing to accept service on his behalf*** [Mhtar Dec. ¶22 (***emphasis added***)].

Lincoln devotes substantial discussion to Mohsen's decision not to waive service, his preference for adjudication in state court, and counsel's anticipated abstention arguments. None establishes authority to accept process. A party's refusal to execute a voluntary waiver may have consequences prescribed by Rule 4, but it does not itself constitute service and does not appoint opposing counsel's chosen recipient as the defendant's agent.

The communications that Lincoln relies upon to claim that service was effective do not acknowledge or recognize Buffington Law Firm's actions in contradiction to their established agency argument. Buffington Law Firm refused Lincoln's request that Mohsen waive service. The firm did not agree to accept service and expressly advised Lincoln's process server that it lacked authority to do so. When Buffington Law Firm requested notice after Lincoln believed that Mohsen had been served, the firm plainly contemplated that Lincoln would first complete service upon Mohsen through an authorized method and then provide counsel with a courtesy notification. A request for notice after service is not authorization to serve counsel instead of the defendant.

Lincoln's use of certain authorities do not eliminate the requirement of authorization. *In re Focus Media Inc*. requires evidence that the client acted in a manner manifesting an intent to confer authority to receive process. *Warner Bros. Records, Inc. v. Golden West Music Sales* held only that service on counsel could potentially be valid and remanded the issue for a factual determination. *Estate of Moss* expressly limited its holding to an attorney of record already appearing for the party in the same proceeding. *United States v. Bosurgi*, a nonbinding district court decision, involved materially different circumstances in which litigation against the federal claimant was necessarily within the scope of counsel's existing appointment to recover a particular fund. *Monolithic Power Systems* also does not authorize unilateral service without Court Order Under Federal Rule 4(f)(3).

Lincoln has therefore failed to carry its burden of establishing valid service. The Court should grant Mohsen's Motion and dismiss the Complaint against him without prejudice. At a minimum, the Court should quash the purported July 1, 2026, service and require Lincoln to effect service through a method authorized by Rule 4.

## II. LINCOLN BEARS THE BURDEN OF PROVING THAT BUFFINGTON LAW FIRM WAS AUTHORIZED TO ACCEPT ORIGINAL PROCESS.

Once a defendant challenges service under Rule 12(b)(5), the plaintiff bears the burden of establishing that service complied with Rule 4 [Brockmeyer v. May (9th Cir. 2004) 383 F.3d 798, 801]. Lincoln must therefore prove not merely that Buffington Law Firm received the papers or communicated them to Mohsen, but that the firm was legally authorized to accept service of original process on his behalf.

Rule 4(e)(2)(C) permits delivery of the summons and Complaint by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process. [Federal Rules of Civil Procedure 4(e)(2)(C)]. This provision ***requires authorization***. This does not provide that any attorney representing a defendant in an underlying dispute automatically becomes an agent for receiving a summons in every later action arising from that dispute. Actual notice does not eliminate this requirement. Lincoln's Opposition demonstrates that the papers eventually reached Defendant's attorneys. That is not the issue. The issue is whether Lincoln delivered the summons and Complaint to a recipient authorized to accept original process. It did not.

## III. IMPLIED AUTHORITY MUST ARISE FROM MOHSEN'S MANIFESTATION OF INTENT, NOT FROM LINCOLN'S INTERPRETATION OF COUNSEL'S CONDUCT.

### A. Mohsen Had Not Established Any Implied Authority Establishing An Agency Relationship With Buffington Law Firm Related To This Federal Matter.

Lincoln identifies no act by Mohsen Mirzadeh manifesting an intent to authorize Buffington Law Firm to accept service. Lincoln repeatedly characterizes Buffington Law Firm as Mohsen's implied or ostensible agent, but it identifies no conduct by Mohsen manifesting an intent to confer authority to accept service. Implied or ostensible authority must arise from the principal's conduct.

Under California law, ostensible authority exists when the principal intentionally or negligently causes or allows a third party to believe the purported agent possesses the relevant authority [ Civil Code § 2317]. Thus, ostensible authority must arise from the principal's conduct, not merely from representations or conduct by the purported agent.

Lincoln's evidence is essentially summarized as follows: Buffington Law Firm filed a state court petition on Mohsen's behalf, then contacted Lincoln about the beneficiary designation, then requested information concerning the policy, then evaluated Lincoln's federal Complaint, then discussed motions Mohsen might file after service, and asked Lincoln to provide notice when Lincoln believed service upon Mohsen had been completed. Each alleged action was an act by counsel in the regular course of the state court action. None of these allegations involve or specifically refer to an act by Mohsen authorizing counsel to receive original process. The absence of any manifestation by Mohsen and the active communication of non-representation to Plaintiff is dispositive. A plaintiff cannot create an agency relationship by selecting a recipient whom it believes would reliably transmit the papers to the defendant.

**B. Buffington Law Firm Expressly Refused Service Which Negates Plaintiff's Claimed Belief In Its Authority.**

Lincoln's implied agency theory is particularly untenable because Buffington Law Firm expressly refused to accept service and advised Lincoln's process server that the firm was not authorized to accept service on Mohsen's behalf. An agent's authority to accept service may be implied in fact. A party, however, cannot fabricate such implied authority from whole cloth to cure a deficient service, but must present facts and circumstances showing the proper relationship between the defendant and its alleged agent. [<u>United States v. Ziegler Bolt & Parts</u>

Co. (Fed.Cir. 1997) 111 F.3d 878, 879]. Even broad authority to represent a client in litigation does not necessarily include the specific authority to receive original process [*Id*.]. Rather, the record must establish authority extending beyond the ordinary attorney client relationship and encompassing the power to accept service.

In *Ziegler,* the attorney had represented the defendant in related administrative proceedings, signed an acknowledgment that he had physically received the summons and Complaint, filed an answer, and actively litigated the action. The court nevertheless held that the record did not establish authority to accept service because the alleged agency could not be proven through the attorney's conduct alone. [*Id*. at 881–82].

The facts here are more compelling in favor of quashing service. Buffington Law Firm did not sign an acknowledgment, agree to accept service, or appear before the attempted service. It affirmatively denied possessing the very authority Lincoln now asks the Court to imply. Lincoln cannot reasonably claim that it relied upon Buffington Law Firm's supposed authority after the firm expressly disclaimed it. Lincoln knew its purported recipient disputed having authority, yet Lincoln unilaterally declared the firm to be Mohsen's agent and caused the papers to be left at its office. That unilateral designation does not satisfy Federal Rule of Civil Procedure 4.

### C. Attorney Goldstein's Communication with Lincoln Related to The State Action Did Not Create An Agency Relationship for Service in a Later Federal Action.

Plaintiff also relies on communications from former Buffington Law Firm Attorney Sam Goldstein as purported evidence that the firm was Mohsen's agent for purposes of accepting service in any later federal action. ***Those communications establish no such authority***. Attorney Goldstein communicated with Plaintiff solely in connection with Mohsen's claims in the separate state court proceeding and the resulting dispute concerning the distribution of the policy proceeds. His communications did not represent, expressly or impliedly, that Attorney Goldstein or Buffington Law Firm was authorized to accept service of process for Mohsen in a separate federal lawsuit that had not yet been filed.

The subsequent history of the representation further defeats Plaintiff's attempt to infer a continuing or unlimited agency relationship from Attorney Goldstein's communications. Attorney Mhtar assumed responsibility for the matter in August 2025 and informed Plaintiff's counsel that Attorney Goldstein was no longer working with Buffington Law Firm. [Mhtar Dec. ¶¶8-9]. On August 18, 2025, Attorney Mhtar specifically advised Attorney Jenny Wang that she was the associate assigned to handle Mohsen's pending state court proceeding on behalf of the firm [Mhtar Dec. ¶9]. Attorney Mhtar thereafter spoke with Attorney Wang regarding the nature and status of that proceeding [Mhtar Dec. ¶10]. During their conversation(s), Attorney Mhtar expressly advised Attorney Wang that Lincoln was not a named respondent or defendant in the state-court action and that Mohsen did not intend to name Lincoln as a party [Mhtar Dec. ¶11]. Lincoln's interest in the proceeding was therefore limited to the fact that it was withholding distribution of the disputed life insurance proceeds pending further developments in the state-court litigation [Mhtar Dec. ¶12]. At no time did Attorney Mhtar state or suggest that Buffington Law Firm was authorized to accept service of process for Mohsen in a separate lawsuit, nor was it ever discussed [Mhtar Dec. ¶13].

Despite being informed that Lincoln was not a party and would not be joined in that action, Attorney Wang continued to request periodic status updates. Attorney Mhtar responded by explaining that the state court matter remained in its early stages and that no determination had been made that would direct Lincoln to release the disputed proceeds. [Mhtar Dec. ¶14]. Those status communications were informational only. They did not expand the scope of Buffington Law Firm's representation, authorize the firm to appear for Mohsen in a separate federal action, or appoint the firm to receive original process on his behalf.

Plaintiff cannot convert counsel's communications concerning the status of one proceeding into authority to accept service in another. At most, the communications demonstrate that Buffington Law Firm represented Mohsen in the state court dispute and kept Lincoln informed because Lincoln continued to hold the policy proceeds. They do not establish any manifestation by Mohsen that the firm was authorized to accept a summons and Complaint commencing a separate federal interpleader action.

## IV. LINCOLN'S AUTHORITIES DO NOT ESTABLISH THAT COUNSEL IN A SEPARATE PROCEEDING IS AUTOMATICALLY AUTHORIZED TO ACCEPT SERVICE.

### A. In Re Focus Media Required Evidence of Authority Traceable To the Client.

Plaintiff relies heavily on *In Re Focus Media* in support of its position, but that case is entirely distinguishable from the underlying circumstances and facts that occurred here. In *In Re Focus Media*, what happened was the attorney was extensively involved in the underlying bankruptcy proceeding, and the lawyer involved repeatedly insisted that he was there on behalf of the plaintiff in the action as plaintiffs 'personal lawyer', and that the plaintiff had previously been served with papers in the bankruptcy proceeding in care of the attorney and there was no record of the client objecting [Rubin v. Pringle (In re Focus Media Inc.) (9th Cir. 2004) 387 F.3d 1077, 1083-1084]. Finally, and most importantly, the client's own declaration filed in a state court proceeding and signed shortly before commencement of the adversary proceeding specifically states that his attorney has represented him as general counsel [*Id.* At pg. 1084]. Based on those combined circumstances, including an express manifestation by the client, the Ninth Circuit affirmed the finding of implied authority.

No comparable evidence exists here. Mohsen did not identify Buffington Law Firm as general counsel authorized to act in all matters. He did not previously accept original process through the firm. He did not authorize the firm to appear in this federal action before service. He did not represent to Lincoln that the firm could receive a summons. What is most important here is Buffington Law firm ***expressly denied such authority and communicated refusal to accept service on Mohsen Mirzadeh's behalf related to this federal case***. *Focus Media* does not hold that an attorney involved in a related dispute automatically becomes an agent for service. It requires that the totality of the circumstances demonstrate the client's intent to convey that authority [*Id*. at 1084]. The Ninth Circuit explicitly stated: "We recognize that an agent's authority to act cannot be established solely from the agent's actions. *Rather, the authority must*

*be established by an act of the principal* [*See, e.g.,* Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992); Rubin v. Pringle (In re Focus Media Inc.) (9th Cir. 2004) 387 F.3d 1077, 1084].

**B. *Warner Bros.* Did Not Hold That Service on Counsel Was Valid as a Matter of Law.**

Plaintiff overstates the applicability of *Warner Bros. Records, Inc. v. Golden West Music Sales* to these underlying facts and circumstances. In *Warner Bros.,* the attorney himself was named as a Defendant, and the action, in part, was based on services that the attorney had personally performed for the individual defendants [*See* Warner Bros. Records, Inc. v. Golden West Music Sales (1974) 36 Cal.App.3d 1012, 1018]. The evidence also indicated that the clients sent reports and checks to third parties in envelopes bearing the attorney's return address, potentially supporting a finding that the clients held the attorney out as their agent [*See* Warner Bros. Records, Inc. v. Golden West Music Sales (1974) 36 Cal.App.3d 1018, 1019]. Even on those stronger facts, the Court of Appeal did not hold that service on the attorney was valid as a matter of law. It held only that service "could be valid" and remanded the matter for the trial court to determine whether the attorney was, in fact, an ostensible agent for receiving service [*Id.* at 1018-1019].

The evidence in this context cannot be compared to the fact and circumstances cited in support of the outcome in *Warner Bros*. Buffington Law Firm is not a defendant. Lincoln's claims do not arise from wrongful acts allegedly committed by Buffington Law Firm. Mohsen did not use the firm as a conduit for dealings with the other policy claimants in a manner representing that the firm could receive original process. Again, ***Buffington Law Firm expressly informed Lincoln that it was not authorized to accept service***. At most, *Warner Bros*. establishes that implied or ostensible authority presents a fact specific inquiry. It does not permit Lincoln to satisfy that inquiry solely by showing that counsel worked on a related dispute and would probably transmit the papers to the client.

**C. Estate of Moss Expressly Limits Its Holding to Counsel Already Appearing In The Same Proceeding.**

*Estate of Moss* does not support Lincoln's attempted service of a ***new federal action***. In *Estate of Moss*, the court of appeal held that where a party and his or her attorney have already appeared in an action, and new process against that party related to that same action is issued, proper service of process on the party's attorney of record in that same case is sufficient as a matter of law under Code Civ. Proc., § 490.16. [Estate of Moss (2012) 204 Cal.App.4th 521, 522]. The process at issue concerned a post probate contest filed under the same case number in which the party and attorney had already appeared. The Court of Appeal emphasized the narrowness of its holding and stated that it applied only where process was issued in the same case in which the attorney was already representing the party [*Id*. at 533-534].

The circumstances here are quite distinguishable than the circumstances that occurred in *Estate of Moss*. Lincoln filed a new and independent federal action. Buffington Law Firm had not appeared for Mohsen in this action when Lincoln attempted service. The firm's appearance in a separate state court trust proceeding did not make it counsel of record in this federal interpleader. Thus, *Estate of Moss* supports Mohsen's position that service at the commencement of a separate case is materially different from service upon counsel already appearing in the same action.

**D. Bosurgi Is Materially Distinguishable In That An Attorney Does Not Become An Agent For Service By Appearing in Separate Litigation.**

Lincoln improperly characterizes *United States v. Bosurgi* as 'identical' to these circumstances when they are not. In *United States v. Bosurgi* a federal court had already asserted control over the disputed fund, and the United States had already asserted a lien against it before the foreign claimant filed its state court action. The claimant's attorneys were specifically retained to obtain possession of that fund. Accomplishing that assignment necessarily required them to overcome the federal government's previously asserted claim. The district court therefore concluded that participation in the federal litigation was an unavoidable incident of the attorneys' existing appointment. *United States v. Bosurgi* also affirms: "The critical inquiry in evaluating an attorney's authority to receive process is, of course, whether the client acted in a

manner that expressly or impliedly indicated the grant of such authority." [Olympus Corp. v. Dealer Sales & Serv., Inc., 107 F.R.D. 300, 305 (E.D.N.Y. 1985)]. If agency to accept service of process "is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." [United States v. Bosurgi 343 F. Supp. 815, 817-18 (S.D.N.Y 1972)].

Here, Buffington Law Firm was retained to represent Mohsen in a state court insurance beneficiary dispute involving the decedent's estate plan, the trustee, and alleged changes made during the decedent's diminished condition. Lincoln was not a party to that proceeding. Several of the beneficiaries named in this interpleader were not parties. No federal court had taken control of the policy proceeds when the state petition was filed. Lincoln later elected to commence a separate federal action involving additional parties and distinct procedural issues. Representation concerning the validity of a beneficiary designation does not necessarily include authority to accept original process in every separate action an insurer may subsequently choose to file. Even *Bosurgi* recognizes this.

**E. *Monolithic Power Systems* Does Not Authorize Unilateral Service without Court Order Under Federal Rule 4(f)(3).**

Lincoln also cites *Monolithic Power Sys., Inc. v. Silergy Corp* because the Court acknowledged MPS attempted to serve Chen through Michael Grimm, who represented Chen, in Chen's personal capacity, at the mediation between the parties. It appears Grimm was acting as Chen's agent and could accept service on Chen's behalf. [*See* Warner Bros. Records. v. Golden W. Music Sales (1974) 36 Cal. App. 3d 1012, 1018]. But even had no such authority been implied, the Court would allow MPS to effectuate service on Chen through Grimm under *Federal Rule of Civil Procedure* 4(f)(3). [*See, e.g.,* Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) (holding that a plaintiff is not required to attempt service by all feasible alternatives before service under Rule 4(f)(3) is allowed, and that service under Rule 4(f)(3) is left to the discretion of the district court); Monolithic Power Sys., Inc. v. Silergy Corp. (N.D.Cal. 2015 127 F. Supp. 3d 1071, 1078]. To the extent that decision discussed service

through counsel under Federal Rule 4(f)(3), Federal Rule 4(f)(3) permits service by a method "by other means not prohibited by international agreement, ***as the court orders***" [Federal Rule of Civil Procedure 4(f)(3) (***emphasis added***)]. Lincoln did not seek an order authorizing alternative service upon Buffington Law Firm before leaving the papers at the firm's office. If Lincoln believed conventional foreign service was impracticable because it lacked Mohsen's precise address, it could have applied for alternative service and allowed the Court to determine whether service through counsel was appropriate and consistent with due process. It could not unilaterally grant itself the relief that Rule 4(f)(3) reserves for court authorization.

## V. *SCHLUNK* PRESUPPOSES A VALIDLY AUTHORIZED DOMESTIC AGENT AND DOES NOT ESTABLISH AGENCY.

Lincoln's reliance on *Volkswagenwerk Aktiengesellschaft v. Schlunk* is circular. Mohsen does not dispute that where service on a validly authorized domestic agent is complete under applicable state law and due process, the Hague Service Convention does not require transmission of documents abroad [Volkswagenwerk Aktiengesellschaft v. Schlunk (1988) 486 U.S. 694, 707-708]. But *Schlunk* ***presupposes that the domestic recipient is a valid agent under the governing law***. It does not establish agency or expand the recipient's authority.

In *Schlunk*, the state court had determined that the domestic subsidiary was the foreign corporation's agent as a matter of law based on the relationship between the two corporations. The Supreme Court accepted that state law determination and addressed whether the Hague Convention applied once domestic service was validly complete. [*Id*. at 696–97, 707]. Here, ***the threshold issue is whether Buffington Law Firm was authorized to accept service at all***. Lincoln cannot rely on Schlunk to avoid Rule 4(f) until it first establishes valid domestic agency under Rule 4(e) or California law. Because it has not done so, Schlunk does not validate the July 1 attempted service. Lincoln's alternative contention that the Hague Convention does not apply when the defendant's address is unknown does not cure the defect. Even assuming Lincoln lacked a sufficiently precise German address for Hague service, that circumstance did not appoint Buffington Law Firm as Mohsen's agent. The absence of an address may support a

request for court authorized alternative service; it does not authorize Lincoln to select its own method without an order.

**VI. PLAINTIFF'S INCORRECT USE OF THE IRVINE ADDRESS ONLY HIGHLIGHTS LINCOLN'S FAILURE TO SERVE MOHSEN OF THIS ACTION.**

Lincoln argues that Rule 4(a) does not require a summons to state the defendant's correct address. Mohsen does not contend that an inaccurate address, standing alone, necessarily invalidates the form of the summons.

The significance of the Irvine address is narrower. It confirms that Lincoln did not personally serve Mohsen and did not leave the summons and Complaint at his dwelling or usual place of abode. Lincoln knew before its July 1 attempt that Mohsen did not reside at the Irvine property and that he resided in Germany. Thus, Lincoln cannot establish service under Rule 4(e)(2)(A) or Rule 4(e)(2)(B).

The validity of the July 1 service consequently depends entirely upon Lincoln's contention that Buffington Law Firm was an authorized agent under Rule 4(e)(2)(C). Because Lincoln cannot establish that authorization, the service remains defective regardless of whether the address printed on the summons was merely a technical error.

**VII. THE COURT SHOULD DISMISS THE COMPLAINT AGAINST MOHSEN OR, AT MINIMUM, QUASH THE JULY 1 PURPORTED SERVICE.**

Lincoln has not carried its burden of proving compliance with Rule 4. Buffington Law Firm was not authorized to accept service of the summons and Complaint. The firm's work on the underlying policy dispute, knowledge of the federal action, and likelihood of communicating the papers to Mohsen do not substitute for authorization. Mohsen therefore respectfully requests that the Court dismiss the Complaint against him without prejudice under Rule 12(b)(5).

Alternatively, the Court should quash the purported July 1, 2026, service and direct Lincoln to effect service through a method authorized by Rule 4. Lincoln itself acknowledges that quashing service is an available alternative if the Court finds its attempted service ineffective [Plaintiff's Opposition at 18]. Quashing would preserve Lincoln's action while ensuring that the

Court exercises jurisdiction only after proper service has been completed.

## VIII. CONCLUSION.

For the foregoing reasons, Defendant-in-Interpleader Mohsen Mirzadeh respectfully requests that the Court grant his Motion and dismiss the Complaint against him without prejudice for insufficient service of process. Alternatively, Defendant requests that the Court quash the purported July 1, 2026, service and require Plaintiff to effect service in compliance with Federal Rule of Civil Procedure 4.

Dated: August 7, 2026

Buffington Law Firm PC

Roger J. Buffington
Rye Mhtar
Attorneys for Defendant Mohsen Mirzadeh

**SUPPLEMENTAL DECLARATION OF RYE MHTAR, ESQ. IN SUPPORT OF DEFENDANT-IN-INTERPLEADER MOHSEN MIRZADEH'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; ALTERNATIVELY, TO QUASH PURPORTED SERVICE**

I, Rye Mhtar, declare:

1. I am an attorney licensed to practice law before all courts of the State of California and am an associate attorney with Buffington Law Firm, PC ("Buffington Law Firm"). I am one of the attorneys representing Defendant-in-Interpleader Mohsen Mirzadeh ("Mohsen") in connection with the above-captioned action.
2. I submit this Supplemental Declaration in support of Mohsen's Reply in support of his Motion to Dismiss for Insufficient Service of Process or, alternatively, to Quash Purported Service.
3. I have personal knowledge of the matters stated in this Declaration, except where stated upon information and belief, and, if called as a witness, I could and would testify competently to them.
4. Before Lincoln National Life Insurance Company ("Lincoln") filed this federal interpleader action, Buffington Law Firm represented Mohsen in a separate proceeding pending in the Orange County Superior Court concerning the administration of the 2018 Ghasem Mirzadeh Trust and the validity of certain actions allegedly taken during the final period of Ghasem Mirzadeh's life Orange County Case No.: 30-2025-01507072-CU-MC-CJC (the "State Court Action").
5. Attorney Sam Goldstein previously worked for Buffington Law Firm and communicated with Lincoln concerning Mohsen's challenge to the change in beneficiary designation and Lincoln's continued withholding of the disputed life insurance proceeds.
6. Attorney Goldstein's communications with Lincoln concerned Mohsen's claims in the State Court Action, Lincoln's possession of the disputed policy proceeds, and Lincoln's request for information concerning the status of the dispute.

7. Neither Attorney Goldstein nor any other attorney at Buffington Law Firm represented to Lincoln that the firm was authorized to accept service of process on Mohsen's behalf in any separate lawsuit, including any federal lawsuit that Lincoln might later elect to file.
8. In or around August 2025, I assumed primary responsibility within Buffington Law Firm for handling Mohsen's State Court Proceeding. By that time, Attorney Goldstein was no longer employed by Buffington Law Firm.
9. On August 18, 2025, I informed Attorney Jenny Wang, counsel for Lincoln, that Attorney Goldstein was no longer with Buffington Law Firm and that I was the associate attorney assigned to handle Mohsen's State Court Proceeding moving forward. Attached hereto as Exhibit 1 is a true and correct copy of my August 18, 2025 email to Attorney Wang and the related email correspondence concerning the transition of responsibility for the State Court Action.
10. After I assumed responsibility for the State Court Action, I spoke with Attorney Wang by telephone regarding the nature and status of that proceeding at least twice.
11. During our telephone conversation(s), I specifically informed Attorney Wang that Lincoln was not a named respondent or defendant in the State Court Action. I also informed her that Mohsen did not intend to name Lincoln as a respondent or defendant in that proceeding.
12. I explained to Attorney Wang that Lincoln's interest in the State Court Action arose from the fact that Lincoln continued to hold and refrain from distributing the disputed life insurance proceeds while the parties litigated the validity of the beneficiary designation.
13. At no time during that telephone conversation did I state or suggest that Buffington Law Firm was authorized to accept service of process for Mohsen in a separate lawsuit. I did not represent that Buffington Law Firm had been retained to accept service in any federal action, and I did not invite Lincoln to serve any future summons or complaint upon Buffington Law Firm.
14. Despite being informed that Lincoln was not a party to the State Court Action and that Mohsen did not intend to join it as a party, Attorney Wang continued to contact me periodically for updates concerning the status of that proceeding. In response to Attorney

Wang's inquiries, I advised her that the State Court Action remained in its early stages and that no determination had been made that would direct Lincoln to release or distribute the disputed policy proceeds.

15. Attached hereto as Exhibit 2 are true and correct copies of the relevant email communications in which Attorney Wang requested updates concerning the State Court Proceeding and I provided information concerning its status.

16. My communications with Attorney Wang were limited to providing information concerning the status of the State Court Proceeding and explaining why no judicial determination had yet been made concerning distribution of the policy proceeds. Those communications did not concern Buffington Law Firm's acceptance of service in a separate federal lawsuit and did not expand the scope of the firm's authority to include acceptance of original process on Mohsen's behalf.

17. On or about May 13, 2026, after Lincoln filed this federal interpleader action, Lincoln's counsel emailed Buffington Law Firm and requested that Mohsen execute a waiver of service. On May 19, 2026, I responded that Buffington Law Firm was evaluating the pleading and intended to discuss the matter with Mohsen. My response did not state that Buffington Law Firm was authorized to accept service. It did not agree that the firm would accept service, and it did not constitute an acceptance or waiver of service on Mohsen's behalf.

18. On May 26, 2026, I participated in a videoconference with Attorney James Hockel and Roger J. Buffington. During that conference, the participants discussed Lincoln's federal Complaint, Lincoln's request for a waiver of service, and Mohsen's anticipated position concerning the federal action. During the May 26, 2026 conference, Buffington Law Firm expressly declined Lincoln's request that Mohsen waive service. Neither Mr. Buffington nor I stated that Buffington Law Firm was authorized to accept service on Mohsen's behalf.

19. During that discussion, Mr. Buffington requested that Lincoln's counsel notify Buffington Law Firm after Lincoln believed service had been completed upon Mohsen. That request was


https://buffingtonlawfirm-my.sharepoint.com/personal/blfadmin_buffingtonlawfirm_com/Documents/Clients 2025/Mirzadeh-TRST-2024-X/Federal Complaint/Pleadings/2 - Motion to Dismiss - Service of Process/Mohsen Reply to Opposition/Mohsen Reply to Opposition.docx

made because Mohsen resides in Germany and counsel wanted to ensure that Mohsen understood and promptly responded to any documents personally served upon him.

20. Mr. Buffington's request contemplated that Lincoln would first effect service upon Mohsen through an authorized method and would thereafter provide Buffington Law Firm with a courtesy notification that service had occurred. The request was not an agreement that Lincoln could serve Buffington Law Firm instead of Mohsen.

21. Attorney Goldstein's prior communications with Lincoln, my subsequent status communications with Attorney Wang, the firm's review of Lincoln's Complaint, and counsel's discussion of motions Mohsen might file following service were all undertaken in connection with the firm's representation of Mohsen and its professional obligation to advise him regarding the dispute. None of those activities authorized Lincoln to serve original process upon Buffington Law Firm. Lincoln was informed that Mohsen resided in Germany, that he would not waive service, and that Buffington Law Firm was not agreeing to accept service on his behalf.

22. Lincoln nevertheless attempted to serve the summons and Complaint by directing a process server to Buffington Law Firm's office on July 1, 2026. Buffington Law Firm had not authorized that method of service, and Mohsen had not appointed the firm to receive service of process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2026, at Newport Beach, California

Rye Mhtar, Esq.

EXHIBIT 1

Outlook

## Re: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

**From** Rye Mhtar <rye@buffingtonlawfirm.com>
**Date** Mon 8/18/2025 4:57 PM
**To** Jenny H. Wang <JWang@maynardnexsen.com>; Laura Bates <LBates@maynardnexsen.com>; notice <notice@buffingtonlawfirm.com>

Will do, confirmed thank you.

**Rye Mhtar, Esq.**
***Senior Associate Attorney***
Buffington Law Firm, PC
4611 Teller Ave., Suite 110
Newport Beach, CA 92660
Office: 714-842-6124
www.buffingtonlawfirm.com

📍 **Please Note Our New Address Effective July 1, 2025**

Rated by Super Lawyers 2026
visit SuperLawyers.com

---

**From:** Jenny H. Wang <JWang@maynardnexsen.com>
**Sent:** Monday, August 18, 2025 4:53 PM
**To:** Rye Mhtar <rye@buffingtonlawfirm.com>; Laura Bates <LBates@maynardnexsen.com>; notice <notice@buffingtonlawfirm.com>
**Subject:** RE: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Sure, tomorrow at 3:00 works for me. Please call my cell (949) 241-5869. Talk to you then. Thank you!

**Jenny H. Wang**
Partner | Insurance and ERISA Litigation
P: 310.596.4344
JWang@maynardnexsen.com

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

MAYNARDNEXSEN

---

**From:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Sent:** Monday, August 18, 2025 4:34 PM
**To:** Laura Bates <LBates@maynardnexsen.com>; notice <notice@buffingtonlawfirm.com>
**Cc:** Jenny H. Wang <JWang@maynardnexsen.com>
**Subject:** Re: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Ms. Wang,

Thank you for your correspondence. My name is Rye Mhtar and I am the associate within our firm assigned to handle this matter moving forward. Could we arrange for a telephonic appointment to discuss updates ? Please advise as to your availability on any of the following dates and times:

3:00 pm Tuesday August 19 ;

3:00 pm Thursday August 21;

11:00 am Friday August 22

Thank you,

**Rye Mhtar, Esq.**
***Senior Associate Attorney***
Buffington Law Firm, PC
4611 Teller Ave., Suite 110
Newport Beach, CA 92660
Office: 714-842-6124
www.buffingtonlawfirm.com

**Please Note Our New Address Effective July 1, 2025**

Rated by Super Lawyers 2026 visit SuperLawyers.com

---

**From:** Laura Bates <LBates@maynardnexsen.com>
**Sent:** Monday, August 18, 2025 1:20 PM
**To:** notice <notice@buffingtonlawfirm.com>
**Cc:** Jenny H. Wang <JWang@maynardnexsen.com>
**Subject:** Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Good afternoon, Counsel.

On behalf of Jenny Wang, please find attached her correspondence to your office regarding the above-referenced matter.

Sincerely,

**Laura Bates**
Legal Practice Assistant
P: (415) 646-4682
LBates@maynardnexsen.com

201 California Street, Suite 400
San Francisco, CA 94111

MAYNARDNEXSEN

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

EXHIBIT 2

Outlook

## Re: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

**From** Rye Mhtar <rye@buffingtonlawfirm.com>
**Date** Tue 1/6/2026 1:58 PM
**To** Jenny H. Wang <JWang@maynardnexsen.com>; notice <notice@buffingtonlawfirm.com>

Hello Ms. Wang,

At this time, we do not have any updates to share. The case is still in its early stages, and there has not yet been any determination regarding the release of funds. We will be sure to reach out as soon as there is any new information. Until then, there is no need to follow up with us on this issue.

Thank you,

**Rye Mhtar, Esq.**
***Senior Associate Attorney***
Buffington Law Firm, PC
4611 Teller Ave., Suite 110
Newport Beach, CA 92660
Office: 714-842-6124
www.buffingtonlawfirm.com

**Please Note Our New Address Effective July 1, 2025**

Rated by Super Lawyers 2026
visit SuperLawyers.com

---

**From:** Jenny H. Wang <JWang@maynardnexsen.com>
**Sent:** Tuesday, January 6, 2026 1:07 PM
**To:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Subject:** RE: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Hi, Rye. Following up on our call with Roger a few weeks ago. You were going to get back to me as to whether your client is willing to make a representation that he is only seeking X amount of the Lincoln policy benefits, and that he has no objection to Lincoln distributing the rest to the other beneficiaries of record. As I mentioned during our call, Lincoln would hold that X amount (to which your client is making a claim) pending resolution of your client's claim to the benefits, whether by way of a settlement, judgment or other order entered by the Court. I look forward to hearing from you about this. Thank you.

**Jenny H. Wang**

Partner | Insurance and ERISA Litigation
P: 310.596.4344
JWang@maynardnexsen.com

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

MAYNARDNEXSEN

---

**From:** Jenny H. Wang
**Sent:** Tuesday, November 25, 2025 10:39 AM
**To:** 'Rye Mhtar' <rye@buffingtonlawfirm.com>
**Subject:** RE: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Hi, Rye. I had a brief call with Roger Buffington this morning and was told you're out of the country until next Tuesday. I mentioned to Roger that the agent who sold the Lincoln policy to Mr. Mirzadeh contacted me and wants to know if your client would be willing to agree that Lincoln may distribute the remaining undisputed portion of the Lincoln policy benefits to the beneficiaries, while you all litigate claimed rights to the remaining disputed portion. As I told Roger, Lincoln has no objection to doing that, on the condition that your client release Lincoln, in writing, from any liability from doing so; again, as to payment of the undisputed portion of the remaining policy benefits. Would you please call me to discuss this upon your return? Thank you.

**Jenny H. Wang**
Partner | Insurance and ERISA Litigation
P: 310.596.4344
JWang@maynardnexsen.com

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

MAYNARDNEXSEN

---

**From:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Sent:** Thursday, November 13, 2025 9:33 AM
**To:** Jenny H. Wang <JWang@maynardnexsen.com>
**Subject:** Re: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

**Rye Mhtar, Esq.**
***Senior Associate Attorney***
Buffington Law Firm, PC
4611 Teller Ave., Suite 110

Newport Beach, CA 92660
Office: 714-842-6124
www.buffingtonlawfirm.com

📍 **Please Note Our New Address Effective July 1, 2025**

Rated by Super Lawyers 2026 visit SuperLawyers.com

---

**From:** Jenny H. Wang <JWang@maynardnexsen.com>
**Sent:** Thursday, November 13, 2025 8:24 AM
**To:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Subject:** RE: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Thank you!

**Jenny H. Wang**
Partner | Insurance and ERISA Litigation
P: 310.596.4344
JWang@maynardnexsen.com

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

MAYNARDNEXSEN

---

**From:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Sent:** Wednesday, November 12, 2025 4:35 PM
**To:** Jenny H. Wang <JWang@maynardnexsen.com>; notice <notice@buffingtonlawfirm.com>
**Subject:** Re: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Yes. I do not have access to my server today, but I will put it on my to do list for tomorrow.

**Rye Mhtar, Esq.**
***Senior Associate Attorney***
Buffington Law Firm, PC
4611 Teller Ave., Suite 110
Newport Beach, CA 92660
Office: 714-842-6124
www.buffingtonlawfirm.com

📍 **Please Note Our New Address Effective July 1, 2025**

Rated by Super Lawyers 2026 visit SuperLawyers.com

---

**From:** Jenny H. Wang <JWang@maynardnexsen.com>
**Sent:** Tuesday, November 11, 2025 8:24 AM
**To:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Subject:** RE: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Hi, Rye. May I please have a copy of the Complaint? Thank you.

**Jenny H. Wang**
Partner | Insurance and ERISA Litigation
P: 310.596.4344
JWang@maynardnexsen.com

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

MAYNARDNEXSEN

---

**From:** Jenny H. Wang
**Sent:** Wednesday, October 29, 2025 10:57 AM
**To:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Subject:** RE: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Thanks, Rye. Please let me know once is the case is at-issue, and/or as soon as the interested parties are able to reach an agreement on the remaining Lincoln policy benefits.

**Jenny H. Wang**
Partner | Insurance and ERISA Litigation
P: 310.596.4344
JWang@maynardnexsen.com

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

MAYNARDNEXSEN

---

**From:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Sent:** Wednesday, October 29, 2025 10:49 AM
**To:** Jenny H. Wang <JWang@maynardnexsen.com>

**Subject:** Re: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Hi Jenny, thank you for checking in. No, only one Defendant has appeared in the matter thus far and we expect to see a Answer to our Complaint. In the meantime I have to wait to see if any of the other Defendants show up in the case absent a default action.

**Rye Mhtar, Esq.**
***Senior Associate Attorney***
Buffington Law Firm, PC
4611 Teller Ave., Suite 110
Newport Beach, CA 92660
Office: 714-842-6124
www.buffingtonlawfirm.com

**Please Note Our New Address Effective July 1, 2025**

Rated by Super Lawyers 2026 visit SuperLawyers.com

---

**From:** Jenny H. Wang <JWang@maynardnexsen.com>
**Sent:** Wednesday, October 29, 2025 10:44 AM
**To:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Subject:** RE: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

Hi, Rye. Checking in to see if you have any update on the status of this case, and whether any progress has been made in terms of an agreement among the interest parties as to whom the remaining Lincoln policy benefits should be paid. If it's easier to talk, cell is the best way to reach me by phone 949-241-5869. Thank you.

**Jenny H. Wang**
Partner | Insurance and ERISA Litigation
P: 310.596.4344
JWang@maynardnexsen.com

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

MAYNARDNEXSEN

---

**From:** Rye Mhtar <rye@buffingtonlawfirm.com>
**Sent:** Monday, August 18, 2025 4:57 PM
**To:** Jenny H. Wang <JWang@maynardnexsen.com>; Laura Bates <LBates@maynardnexsen.com>; notice <notice@buffingtonlawfirm.com>
**Subject:** Re: Mohsen Mirzadeh vs. Soheyla Sandoval, et al. // Orange County Superior Court No. 30-2025-01455673-PR-TR-CMC [IMAN-MNDOCUMENTS.FID598593]

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4611 Teller Ave., Suite 110, Newport Beach, CA 92660.

On August 7, 2026, I served the foregoing document described as:

- **DEFENDANT-IN-INTERPLEADER MOHSEN MIRZADEH'S REPLY TO PLAINTIFF THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5); ALTERNATIVELY MOTION TO QUASH PURPORTED SERVICE; SUPPLEMENTAL DECLARATION OF RYE MHTAR, ESQ.**

in the following manner: *(X) Via U.S. Mail & (X) E-SERVICE*

| | |
|---|---|
| Geoffrey J. Farwell, Esq.<br>12626 High Bluff Drive Ste. 440<br>San Diego CA, 92130<br>geoff@weinerlegacylaw.com<br><br>Attorney for Defendant Soheyla Sandoval | Charles Mills, Esq.<br>5440 Trabuco Road<br>Irvine, CA, 92620<br>ckmills@msn.com<br><br>Attorney for Defendant Zahara Mirzadeh |
| Jeffery P. Boykin<br>325 Front St, Pmb 415,<br>Evanston, WY 82930-3633<br>jefferypboykin@gmail.com<br><br>Attorney for Farkhondeh Mirzadeh and Tahereh Mirzadeh | James J. Hockel<br>Jenny H. Wang<br>201 California Street, Suite 400<br>San Francisco, CA 94111<br>jhockel@maynardnexsen.com<br>JWang@maynardnexsen.com<br><br>Attorneys for The Lincoln National Life Insurance Company |
| Maedeh Mirzadeh<br>Ortmannsweg 3,<br>47918 Tonisvorst, Germany<br>mmaedeh@gmail.com | |

Electronic Mail: I caused such document to be transmitted by electronic mail transmission to the person(s) and address(es) listed herein and/or their attorneys of record as stated above and/or on the attached service list to their known electronic mail address(es). The document(s) was/were transmitted by electronic mail.

As follows: I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange County, California, in the ordinary course of business. The envelope is sealed and placed for collection and mailing on this date, following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than 1 day after date of deposit for mailing in this affidavit.

Executed on August 7, 2026 at Orange County, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Krysti Torrey

Krysti Torrey