JENNY H. WANG (SBN 191643)
jwang@maynardnexsen.com
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone: 310.596.4344

JAMES J. HOCKEL (SBN 340612)
jhockel@maynardnexsen.com
MAYNARD NEXSEN LLP
201 California Street, Suite 400
San Francisco, CA 94111
Telephone: 415.646,4704
Facsimile: 205.254.1999

Attorneys for Plaintiff-in-Interpleader
The Lincoln National Life Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff-in-Interpleader,<br><br>v.<br><br>FARKHONDEH MIRZADEH, *et al.*,<br><br>Defendants-in-Interpleader. | Case No. 8:26-cv-01113-JVS-JDE<br><br>*Hon. James V. Selna*<br><br>**PLAINTIFF-IN-INTERPLEADER THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT-IN-INTERPLEADER MOHSEN MIRZADEH'S MOTION TO STAY PURSUANT TO THE COLORADO RIVER DOCTRINE**<br><br>*[filed simultaneously with Declaration of Sherry Smith]*<br><br>Date: October 19, 2026<br>Time: 1:30 p.m.<br>Courthouse: Reagan – Santa Ana<br>Courtroom: 10C<br><br>Complaint filed: May 7, 2026 |

# TABLE OF CONTENTS


Page(s)

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 1

A. The Policy and Ghasem's Beneficiary Designations ........ 1

B. The Competing Claims to Policy Proceeds ........ 3

C. Lincoln Commences This Action to Resolve the Competing Claims ........ 3

III. DISCUSSION ........ 4

A. The First Factor—the Court to First Assert Jurisdiction Over the Res—Favors a Denial of Mohsen's Motion ........ 4

B. The Second Factor—The Inconvenience of a Federal Forum—Is Neutral. ........ 5

C. The Third Factor—The Risk of Piecemeal Litigation—Strongly Favors a Denial of Mohsen's Motion. ........ 5

D. The Fourth Factor—the Relative Progress of the Cases—Favors a Denial of Mohsen's Motion. ........ 8

E. The Fifth Factor—the Source of the Rule of Decision—Is Neutral. ........ 9

F. The Sixth Factor—the Adequacy of the State Proceedings for Protecting the Interests of the Federal Litigants—Strongly Favors a Denial of Mohsen's Motion. ........ 10

G. The Seventh Factor—Avoiding Forum Shopping—Is Neutral. ........ 13

H. The Eighth Factor—Whether the State Action Will Resolve All Issues Presented By the Federal Action—Strongly Favors a Denial of Mohsen's Motion. ........ 14

IV. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988) ..... 14

*Atcom Support LP v. Maria*, No. CV 15-28-RGA-MPT, 2016 WL 4118914(D. Del. Aug. 1, 2016) ..... 13

*Baltimore Life Ins. Co. v. Torres*, No. 121CV01001DADSAB, 2022 WL 1408050 (E.D. Cal. May 4, 2022) ..... 13

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ..... 1, 4

*Davis v. RiverSource Life Ins. Co.*, 240 F. Supp. 3d 1011, 1018 (N.D. Cal. 2017) ..... 9

*Dugas v. Am. Sur. Co. of New York*, 300 U.S. 414, 422 (1937) ..... 8

*Field v. United States*, 424 F. Supp. 3d 904, 907 (E.D. Cal. 2019) ..... 7

*George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 941 (N.D. Cal. 2010) ..... 9

*Gray v. JPMorgan Chase Bank, N.A.*, 661 F. Supp. 3d 991, 994 (C.D. Cal. 2023) ..... 9

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ..... 12

*In re The 2018 Ghasem Mirzadeh Trust Dated June 13, 2018*, Case No. 30-2025-01455673-PR-TR-CMC (Orange Cty. Super. Ct., filed January 24, 2025) ..... 7

*Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) ..... 15

*Johnson v. Int'l Bus. Machines Corp.*, 891 F. Supp. 522, 530 (N.D. Cal. 1995) ..... 9

*Krishna v. Colgate Palmolive Co.*, No. 90 CIV. 4116 (CSH), 1991 WL 125186, (S.D.N.Y. July 2, 1991) ..... 13

*Lincoln Nat'l Life Ins. Co. v. Ridgway*, 293 F. Supp. 3d 1254, 1258 (W.D. Wash. 2018) ..... 9

*Martinez-Gonzalez v. Elkhorn Packing Co. LLC*, 25 F.4th 613, 626 (9th Cir. 2022) ..... 9

*Metro. Life Ins. Co. v. Skov*, 45 F. Supp. 140, 142 (D. Or. 1942) ..... 8

*Mohsen Mirzadeh v. Soheyla Sandoval*, Case No. 30-2025-10597972-CU-MC-CJC (Orange Cty. Super. Ct., filed August 26, 2025) ..... 6

*Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1169 (9th Cir. 2017) ........ 14
*Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) ........ 13
*Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1002 (C.D. Cal. 2006) ........ 10
*New Alaska Dev. Corp. v. Laws. Title Ins. Agency, Inc.*, 942 F.2d 792 (9th Cir. 1991) ........ 7
*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) ........ 4, 10, 14
*Rittenmeyer v. Wells Fargo, N.A.*, 822 F. Supp. 3d 1113, 1117 (E.D. Cal. 2026) ........ 9
*Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) ........ 5, 14
*Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367 (9th Cir. 1990) ........ 4
*United States v. Swan's Est.*, 441 F.2d 1082, 1085 (5th Cir. 1971) ........ 13
*Welker v. Metro. Life Ins. Co.*, 502 F. Supp. 268, 271 (C.D. Cal. 1980) ........ 12

**Statutes**

28 U.S.C. § 1651 ........ 8
28 U.S.C. § 1655 ........ 12
28 U.S.C. § 2361 ........ 8

**Rules**

Fed. R. Civ. P. 19(a) ........ 10
Fed. R. Civ. P. 4(k) ........ 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant-in-Interpleader Mohsen Mirzadeh seeks a stay of this action pending resolution of a related state court proceeding pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). However, not a single factor of the *Colorado River* test favors a stay and several dispositive factors require the Court to deny the motion to stay.

Plaintiff-in-Interpleader The Lincoln National Life Insurance Company ("Lincoln") agrees that the state court proceedings should not proceed in parallel to the federal court proceedings. However, it is the federal proceedings that should continue, not the state proceedings. For the reasons expressed below, Lincoln urges the Court to deny Mohsen's motion to stay.

## II. FACTUAL BACKGROUND

### A. The Policy and Ghasem's Beneficiary Designations

On March 30, 2023, Lincoln issued life insurance policy no. IUL1062973 (the "Policy") insuring the life of the Decedent Ghasem Mirzadeh ("Decedent"). (Declaration of Sherry Smith ("Smith Decl.") ¶ 3, Exh. A.) The Policy has a $5 million death benefit. (*Id.*) The Policy states the following regarding the designation of a Beneficiary:

> **Beneficiary** You may designate one Beneficiary or more than one Beneficiary. If you designate more than one Beneficiary, any Death Benefit Proceeds payable will be paid in equal shares to the survivors in the appropriate Beneficiary designation (primary, contingent, and second contingent), unless you submit a Request otherwise. If no Beneficiary is alive when the Death Benefit Proceeds become payable or in the absence of any Beneficiary designation, Death Benefit Proceeds will transfer and vest in you or in your executors, administrators or assigns.

> **Change of Beneficiary** While the Insured is alive, you may change the Beneficiary by submitting a Request. Unless a future date is specified by you, any change will take effect as of the date the Request is signed by you subject to any payments we make or other actions we take before we receive it. The Insured need not be living when the requested change is received at our Service Office, however the requested change must be delivered to us prior to the death of the Insured. The Beneficiary does not have to consent or sign the Request unless you have designated an Irrevocable Beneficiary.

(*Id.*)

In or around December 2023, Lincoln received a signed beneficiary designation from the Decedent dated December 19, 2023 (the "2023 Beneficiary Designation"), designating the following beneficiaries of the Policy:

Farkhondeh Mirzadeh – 35%
Maedeh Mirzadeh – 20%
Soheyla Mirzadeh – 15%
Zahra Mirzadeh – 10%
Tahereh Mirzadeh – 10%
Mohsen Mirzadeh – 10%

(Smith Decl. ¶ 4, Exh. B.)

In or around October 2024, Lincoln received a signed beneficiary designation from the Decedent dated October 6, 2024 (the "2024 Beneficiary Designation"), changing the 2023 Beneficiary Designation as follows:

Farkhondeh Mirzadeh – 30%
Maedeh Mirzadeh – 10%
Soheyla Mirzadeh – 32.64%
Zahra Mirzadeh – 17.36%
Tahereh Mirzadeh – 10%

(Smith Decl. ¶ 5, Exh. C.)

The Policy says: "Upon the Insured's death, while this Policy is still In Force, the Proceeds payable will be the Death Benefit Proceeds. Such Death Benefit Proceeds are payable subject to our receipt of Due Proof of Death of the Insured." (Smith Decl. ¶ 3, Exh. A.)

**B. The Competing Claims to Policy Proceeds**

Decedent died on October 11, 2024. In December 2024, Lincoln received proof of Decedent's death from Soheyla Sandoval (née Mirzadeh). (Smith Decl. ¶ 6.) At the time of Decedent's death, the beneficiary designation of record for the Policy was the 2024 Beneficiary Designation. (Smith Decl. ¶ 7.)

On January 24, 2025, Soheyla submitted a claim to Lincoln for her share of the death benefits. (Smith Decl. ¶ 8.) Lincoln paid her 32.64% of the benefits in accordance with the 2024 Beneficiary Designation of record, or $1,636,856.83. (Smith Decl. ¶ 9.) That amount included $4,856.83 for interest. (*Id.*)

On January 31, 2025, Lincoln received an email from Mr. Sam Goldstein, Esq. of the Buffington Law Firm, PC ("Buffington Firm") (with notice@buffingtonlawfirm.com ("Buffington Notice Email") on the cc line). (Smith Decl. ¶ 10, Exh. D.) Mr. Goldstein stated that he was writing on behalf of his client Mohsen Mirzadeh ("Mohsen"). (*Id.*) Mr. Goldstein alleged that the 2024 Beneficiary Designation was "the result of undue influence and abusive practices" and requested additional information regarding the Policy and the beneficiary designation changes. (*Id.*)

Mr. Goldstein's January 31, 2025, email was the first time Lincoln was made aware of any dispute concerning the validity of Decedent's beneficiary designation of record. (Smith Decl. ¶ 11.)

**C. Lincoln Commences This Action to Resolve the Competing Claims**

Lincoln is currently in possession of the remaining Policy benefits, totaling $3,368,000 (the "Disputed Funds"). (Smith Decl. ¶ 13.) However, Lincoln is unable

to distribute the Disputed Funds because Lincoln has been made aware that Mohsen contests the validity of the 2024 Beneficiary Designation.

On May 7, 2026, Lincoln filed this interpleader action to obtain a declaration from this Court as to the proper beneficiaries of the Policy benefits. (Doc. No. 1.)

## III. DISCUSSION

Courts in the Ninth Circuit utilize "eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

"Because of the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' 'generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367 (9th Cir. 1990) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (alterations adopted).

"Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Madonna*, 914 F.2d at 1369.

For the reasons expressed below, the *Colorado River* factors do not weigh in favor of a stay and Mohsen's motion should be denied.

### A. The First Factor—the Court to First Assert Jurisdiction Over the Res—Favors a Denial of Mohsen's Motion.

Although neither court has, at the moment, exercised jurisdiction over the

Disputed Funds, this first factor nevertheless favors denial of a stay.

The claims at issue in the state court actions are not interpleader claims and no party in the state court actions has asserted that the state court should exercise jurisdiction over the Disputed Funds. However, Lincoln's Complaint in this matter asks this Court to exercise jurisdiction over the Disputed Funds. Lincoln intends to deposit the funds into the Court's registry once all parties have appeared. Mohsen does not oppose Lincoln's deposit of the interpleader funds. (*See* Motion at 19 ("Defendant Mirzadeh would also accept the Court simply accepting the interpleaded funds from Lincoln and then staying the case.").) Therefore, between the state court and the federal court, clearly the federal court will be the first and only court to exercise jurisdiction over the Disputed Funds.

Mohsen cites *Seneca Insurance Co., Inc. v. Strange Land, Inc.*, and argues that this factor should be treated as neutral because Lincoln has not yet deposited the Disputed Funds with this Court. (Motion at 12.) However, in *Seneca Insurance*, the Ninth Circuit held that the first factor did not apply, not because no court had yet assumed jurisdiction, but because the two cases could not result in inconsistent dispositions of the same funds. *See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) ("[T]he concerns that animate this factor are not implicated here because there is no possibility that the parallel proceedings will result in inconsistent dispositions of a single res."). Therefore *Seneca Insurance* is inapposite.

**B. The Second Factor—The Inconvenience of a Federal Forum—Is Neutral.**

Mohsen concedes that the second factor is neutral. (Motion at 12.) Lincoln agrees. The Court should treat this factor as neutral.

**C. The Third Factor—The Risk of Piecemeal Litigation—Strongly Favors a Denial of Mohsen's Motion.**

Mohsen asserts that this lawsuit will create a risk of piecemeal litigation because "[a]llowing this Federal Interpleader to proceed would . . . create three

separate actions, pending before two different court systems, adjudicating overlapping aspects of the same underlying controversy." (Motion at 13.) Mohsen laments that "different courts may be called upon to make overlapping factual and legal determinations concerning the same beneficiary designations, the circumstances surrounding those designations, the rights and conduct of the interested parties, and related trust issues." (*Id.*) According to Mohsen, "[p]ermitting all three proceedings to move forward independently therefore creates a substantial risk of inconsistent findings, conflicting rulings, duplicative discovery, and unnecessary complication of the state court proceedings already underway." (*Id.*)

Lincoln wholeheartedly agrees with these sentiments. However, these concerns do not support a stay of the federal action. Rather, these concerns are the precise reason why the Court should proceed with this federal action.

1. *The Federal Litigation Will Result in a Complete Resolution of the Life Insurance Dispute, Whereas the State Court Action Offers Only a Partial Resolution.*

Mohsen's motion is premised on the assumption that the state court proceedings will result in a final resolution of the life insurance dispute. This is simply incorrect.

Mohsen first cites the civil lawsuit captioned *Mohsen Mirzadeh v. Soheyla Sandoval*, Case No. 30-2025-10597972-CU-MC-CJC (Orange Cty. Super. Ct., filed August 26, 2025) (the "State Civil Matter"). However, there are multiple reasons why the State Civil Matter cannot provide a final resolution to the insurance dispute. First, the only claimants to the policy benefits that are named as defendants in the State Civil Matter are Soheyla Sandoval and Zahra Mirzadeh. (*See* Declaration of Rye Mhtar, Exhibit 1.) Any judgment entered in the State Civil Matter would not be binding on the remaining siblings. Therefore, if Mohsen's action is unsuccessful, Soheyla and Zahra could still face additional actions by Farkhondeh or Maedeh

seeking the same relief.

Allowing the State Civil Matter to proceed would encourage piecemeal litigation because the State Civil Matter does not include all parties and all claims to the interpleader funds.

Mohsen also cites a trust action captioned *In re The 2018 Ghasem Mirzadeh Trust Dated June 13, 2018*, Case No. 30-2025-01455673-PR-TR-CMC (Orange Cty. Super. Ct., filed January 24, 2025) (the "Trust Litigation Matter"). However, the Trust Litigation Matter has even less relevance here. The only other named party in the Trust Litigation Matter is Soheyla Sandoval. (*See* Declaration of Rye Mhtar, Exhibit 2.) None of the remaining siblings is named as a party in that case. (*Id.*) The operative petition in the Trust Litigation Matter mentions issues related to a life insurance policy but does not seek any claim to relief related to the life insurance policy. (*Id.*)

Neither the State Civil Matter nor the Trust Litigation Matter could fully resolve the issues related to the life insurance proceeds. Only this interpleader action would fully resolve the life insurance dispute among all competing/potential claimants to the Policy benefits. Therefore, this interpleader action is the only way to avoid the risk of piecemeal litigation, and this factor strongly weighs against a stay.

2. *The Duplicity of Actions Can Be Resolved By Enjoining the State Court Proceedings.*

"The main purpose of interpleader actions is to protect the stakeholder from the expense of multiple lawsuits and from having to contend with inconsistent or multiple determinations of liability." *Field v. United States*, 424 F. Supp. 3d 904, 907 (E.D. Cal. 2019). "It would defeat the purpose of an interpleader action to allow one claim to be litigated in another forum." *New Alaska Dev. Corp. v. Laws. Title Ins. Agency, Inc.*, 942 F.2d 792 (9th Cir. 1991).

The Court has the power to enter an injunction against other lawsuits that may

affect ownership of the interpleader funds. *See* 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."); *see also* 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

It is a longstanding rule of interpleader law that a properly filed interpleader case takes priority over non-interpleader cases affecting the same funds, even if the non-interpleader case was filed before the interpleader case. *See Dugas v. Am. Sur. Co. of New York*, 300 U.S. 414, 422 (1937) (affirming federal interpleader court's injunction halting previously-filed state action affecting the same property); *see also Metro. Life Ins. Co. v. Skov*, 45 F. Supp. 140, 142 (D. Or. 1942) (holding that the interpleader court has the power to enjoin parallel proceedings even if filed before the interpleader action).

Lincoln intends to file a motion to enjoin the previously-filed state court proceedings (to the extent they affect the ownership of the Disputed Funds) once the interpleader funds have been deposited with the Clerk of this Court. This will resolve the concerns raised by Mohsen regarding the duplicity of the actions.

### D. The Fourth Factor—the Relative Progress of the Cases—Favors a Denial of Mohsen's Motion.

Mohsen incorrectly argues that the State Civil Matter is now "substantially developed" far beyond this federal action. (Motion at 15.) He is wrong. As Mohsen admits, not all parties have been served in the State Civil Matter. (Motion at 15.) Indeed, no trial date has been set, and at least two defendants have pending demurrers to Mohsen's Complaint in the State Civil Matter. Thus, the State Civil

Matter is not yet at issue. But here in this action, all parties *have, indeed, been served* (or waived service). Thus, this case is more advanced than the State Civil Matter, despite having been filed later. This factor weighs against a stay.

**E. The Fifth Factor—the Source of the Rule of Decision—Is Neutral.**

"[A]lthough 'the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction],' the 'presence of state-law issues may weigh in favor of that surrender' only 'in some rare circumstances.'" *Madonna*, 914 F.2d at 1370. Where a case "involves routine issues of state law," federal courts have treated this fifth factor as neutral. *Id.* at 1370.

This interpleader action is not a pure state-law action. Lincoln's interpleader claim is brought under federal law and there are federal issues relevant to Lincoln's claim for relief. Given that the federal issues must be "a major consideration" in this analysis, this weighs strongly against a stay.

Of course, Lincoln concedes that each sibling's entitlement to the insurance proceeds will be decided under California law and that Mohsen has asserted additional state law claims in the State Civil Matter. However, the California law issues presented by this matter are fairly routine. Federal courts routinely decide issues of undue influence, *see, e.g.*, *Martinez-Gonzalez v. Elkhorn Packing Co. LLC*, 25 F.4th 613, 626 (9th Cir. 2022); *Johnson v. Int'l Bus. Machines Corp.*, 891 F. Supp. 522, 530 (N.D. Cal. 1995), including claims seeking to undo a life insurance beneficiary designation on grounds of undue influence, *see, e.g.*, *Lincoln Nat'l Life Ins. Co. v. Ridgway*, 293 F. Supp. 3d 1254, 1258 (W.D. Wash. 2018).

Similarly, elder abuse claims like those brought by Mohsen in the State Civil Matter appear frequently in federal court. *See, e.g.*, *Rittenmeyer v. Wells Fargo, N.A.*, 822 F. Supp. 3d 1113, 1117 (E.D. Cal. 2026); *Gray v. JPMorgan Chase Bank, N.A.*, 661 F. Supp. 3d 991, 994 (C.D. Cal. 2023); *Davis v. RiverSource Life Ins. Co.*, 240 F. Supp. 3d 1011, 1018 (N.D. Cal. 2017); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 941 (N.D. Cal. 2010); *Negrete v. Fid. & Guar. Life Ins.*

*Co.*, 444 F. Supp. 2d 998, 1002 (C.D. Cal. 2006).

The disputes presented in this case and in the State Civil Action are largely factual rather than legal and this Court is just as qualified as any other court to resolve these disputed factual issues.

For all these reasons, this factor should be considered to be neutral.

**F. The Sixth Factor—the Adequacy of the State Proceedings for Protecting the Interests of the Federal Litigants—Strongly Favors a Denial of Mohsen's Motion.**

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. St. & Co.*, 656 F.3d at 981.

Mohsen does not argue that the State Civil Action can protect the rights of all litigants in this interpleader action; it cannot. Instead, he argues that the State Civil Action *could* protect the rights of all litigants if Lincoln intervened in the State Civil Action and asserted its interpleader claim in the state forum. (Motion at 17.) This is not correct.

1. *Lincoln's Interpleader Claim Requires the Participation of All Six Siblings.*

Lincoln's interpleader claim seeks to resolve the ongoing dispute as to the proper beneficiaries of the Disputed Funds. There are multiple reasons why this dispute cannot be resolved without the participation of all six siblings.

First, Lincoln is likely required to add all six siblings as indispensable parties. *See* Fed. R. Civ. P. 19(a)("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations because of the interest.”). Adding all six siblings as parties allows each sibling to defend his or her claim to the Disputed Funds and would protect Lincoln from double liability from potential future lawsuits by an absent sibling.

Second, as a practical matter, if the Court reaches a decision on the proper distribution of the Disputed Funds and decides to award some of the Disputed Funds to a sibling who has not been made a party to the action, the funds may end up unclaimed to the detriment of the sibling who has been awarded the funds.

Third, each of the siblings has an actual pecuniary interest in the outcome of this interpleader action. The percentage of the policy benefits assigned to Farkhondeh Mirzadeh, Maedeh Mirzadeh, and Mohsen Mirzadeh were diminished in the 2024 Beneficiary Designation and therefore all three have an interest in proving the invalidity of the 2024 Beneficiary Designation. The percentage of the policy benefits assigned to Soheyla Sandoval and Zahra Mirzadeh were increased in the 2024 Beneficiary Designation and therefore both have an interest in proving the validity of the 2024 Beneficiary Designation.

Furthermore, Lincoln’s prior payment to Soheyla Sandoval inserts additional issues that the Court will have to resolve in this action. Namely, if the Court holds that the 2024 Beneficiary Designation is invalid, then Lincoln’s payment to Sandoval of 32.64% exceeded the amount Sandoval would have been entitled to under the 2023 Beneficiary Designation (15%). If the excess amounts cannot be clawed back from Sandoval, the Court will have to determine an equitable way to divide the remaining funds amongst the remaining siblings, which might possibly result in a diminishment of the funds awarded to each of the remaining siblings. Therefore, even Tahereh Mirzadeh, whose beneficiary percentage did not change from the 2023 Beneficiary Designation to the 2024 Beneficiary Designation, has an interest in the outcome of this litigation.

Similarly, Lincoln intends to seek an award of its attorney’s fees and costs

from the interpleaded stake. Any such award would diminish the remaining funds available to be awarded to all siblings. Therefore all siblings have an interest in litigating which sibling(s) bear equitable responsibility for Lincoln's fees and costs and should therefore bear a greater burden of the award of fees and costs.

2. *Lincoln Likely Could Not Obtain Personal Jurisdiction Over the German-Resident Siblings in State Court.*

Lincoln had reason for pursuing this action in federal court as opposed to state court, as California state courts likely did not have personal jurisdiction over at least two of the three siblings who reside in Germany (Maedeh and Tahereh).

A state court can exercise personal jurisdiction over any party with minimum contacts to the state, but a federal court has additional options for exercising personal jurisdiction that go beyond mere contacts with the forum state. *See* Fed. R. Civ. P. 4(k); *see also, e.g.*, *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ("The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendants] and the forum state, we consider contacts with the nation as a whole.").

Courts have held that an individual outside of California whose sole contact with California is being named as a life insurance beneficiary by a California resident does not have sufficient contact with California to satisfy due process. *See Welker v. Metro. Life Ins. Co.*, 502 F. Supp. 268, 271 (C.D. Cal. 1980).

Federal courts, on the other hand, can rely on nationwide contacts and have broader statutory power over foreign claimants. For example, 28 U.S.C. § 1655 allows a federal court to grant leave to serve a defendant anywhere in the world in certain types of actions "to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district." The statute does not require the defendant to have minimum contacts with any particular state, nor does it require that the defendant actually made a claim to

the property. *See United States v. Swan's Est.*, 441 F.2d 1082, 1085 (5th Cir. 1971); *Atcom Support LP v. Maria*, No. CV 15-28-RGA-MPT, 2016 WL 4118914, at *5 (D. Del. Aug. 1, 2016), *report and recommendation adopted*, No. CV 15-28-RGA, 2016 WL 5867407 (D. Del. Oct. 4, 2016).

"Relatively few courts have considered the application of § 1655 to personal jurisdiction in interpleader actions. However, those which have addressed that issue have held that where the requirements of § 1655 are satisfied in an interpleader action, constructive service of process pursuant to that section grants personal jurisdiction over claimants not otherwise available for personal service." *Baltimore Life Ins. Co. v. Torres*, No. 121CV01001DADSAB, 2022 WL 1408050, at *4 (E.D. Cal. May 4, 2022) (quoting *Krishna v. Colgate Palmolive Co.*, No. 90 CIV. 4116 (CSH), 1991 WL 125186, at *3 (S.D.N.Y. July 2, 1991)).

For all these reasons, a state court forum would not provide Lincoln with the same opportunity to institute interpleader proceedings and therefore would not adequately protect Lincoln as a disinterested stakeholder. As mentioned above, this factor is dispositive and requires the Court to deny the *Colorado River* stay.

### G. The Seventh Factor—Avoiding Forum Shopping—Is Neutral.

Mohsen asserts, without any supporting evidence, that Lincoln chose a federal forum merely "because its organization and counsel are more accustomed to federal practice." (Motion at 18.) This is incorrect. As discussed above, Lincoln chose a federal forum primarily because a federal court was more likely to have personal jurisdiction over the foreign claimants as opposed to a state court.

More importantly, however, Mohsen's argument misunderstands how forum shopping plays into the *Colorado River* analysis. A mere preference between two fora does not constitute forum shopping for *Colorado River* purposes. Instead, the forum shopping factor targets parties who have abandoned a state court proceeding in favor of a federal proceeding to avoid an adverse ruling or procedural hurdle in state court. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989); *Am. Int'l*

*Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988). Where a party has never appeared in the state court action, that party's choice to invoke a federal forum is not forum shopping for *Colorado River* purposes. *See R.R. St. & Co.*, 656 F.3d at 982 ("Prior to filing the Federal Action, Street/National Union had not previously asserted their claims against Transport, and we are cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court.").

"If [a party] pursued suit in a new forum after facing setbacks in the original proceeding, this factor may weigh in favor of a stay." *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1169 (9th Cir. 2017) (citation and quotation marks omitted). However, "[i]t typically does not constitute forum shopping where a party acted within his rights in filing a suit in the forum of his choice." *Seneca Ins.*, 862 F.3d at 846 (citations and quotation marks omitted). Lincoln never appeared in the State Court Actions, let alone faced any setbacks in those proceedings.

Lincoln did not engage in forum-shopping for purposes of the seventh factor of the *Colorado River* test and therefore this factor should be considered neutral.

**H. The Eighth Factor—Whether the State Action Will Resolve All Issues Presented By the Federal Action— Strongly Favors a Denial of Mohsen's Motion.**

Mohsen asserts that "[t]he State Civil Matter will fully answer all of the issues presented in the Federal Interpleader." (Motion at 19.) In Mohsen's view, the only issues presented in this action are "which beneficiary designation is valid and whether the defendants engaged in undue influence and financial elder abuse to obtain beneficiary designations." (*Id.*)

As discussed above, these issues of undue influence and elder abuse are not the only issues presented in this action. This action also raises federal issues related to Lincoln's entitlement to interpleader relief. But even if undue influence and elder abuse were the only issues presented in this action, the State Civil Matter would not

fully resolve these issues because many of the siblings are not parties to the State Civil Matter and therefore would not be bound by any decision reached in the State Civil Matter. The state court does not have the required parties to reach a conclusive decision as to the proper disposition of the Disputed Funds.

"[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). Because Mohsen has not and cannot demonstrate that the State Civil Matter will result in a final disposition of all issues presented in this federal case, a stay under *Colorado River* is not permissible.

## IV. CONCLUSION

For the reasons discussed above, Lincoln requests that the Court deny Mohsen's motion to stay in full.

Dated: September 28, 2026

MAYNARD NEXSEN LLP

By: */s/ James J. Hockel*
JENNY H. WANG
JAMES J. HOCKEL
Attorneys for Plaintiff-in-Interpleader The Lincoln National Life Insurance Company

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for The Lincoln National Life Insurance Company ("Lincoln") certifies that this brief contains 4,566 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 28, 2026

MAYNARD NEXSEN LLP

By: */s/ James J. Hockel*

JENNY H. WANG
JAMES J. HOCKEL
Attorneys for Plaintiff-in-Interpleader The Lincoln National Life Insurance Company

# PROOF OF SERVICE

COUNTY OF SAN FRANCISCO )
STATE OF CALIFORNIA )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 201 California Street, Suite 400, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**PLAINTIFF-IN-INTERPLEADER THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT-IN-INTERPLEADER MOHSEN MIRZADEH'S MOTION TO STAY PURSUANT TO THE COLORADO RIVER DOCTRINE**

**[X ] (BY CM/ECF ELECTRONIC SERVICE)**: The interested party(ies) set forth below are registered CM/ECF users with the Court,and have consented to service through the Court's automatic transmission of a notice of filing.

Gordon C. Stuart, Esq.
Buchalter LLC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
gstuart@buchalter.com
Attorney for Defendant Soheyla Sandoval

Charles Mills, Esq.
5440 Trabuco Road
Irvine, CA, 92620
ckmills@msn.com
Attorney for Defendant Zahara Mirzadeh

Jeffery P. Boykin
325 Front St, Pmb 415,
Evanston, WY 82930-3633
jefferypboykin@gmail.com
Attorney for Farkhondeh Mirzadeh and Tahereh Mirzadeh

Brent Dorian Brehm, Esq.
Dorian Law P.C.
4500 Park Granada, Ste. 202
Calabasas, CA 91302
brent@dorianlaw.com
Attorney for Maedeh Mirzadeh

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed September 28, 2026, in San Francisco, California

Sam Roberson