# EXHIBIT C

Lincoln Financial Group®

# Beneficiary Change

**Mail:** Lincoln Financial Group, Life Customer Service and Claims – G10-00
P.O. Box 21008, Greensboro, NC 27420-1008

**Overnight Address:** Lincoln Financial Group, Life Customer Service – G10-00
100 N. Greene St., Greensboro, NC 27401
**Phone:** 800-487-1485 **Fax:** 800-819-1987
Email: CustServSupportTeam@LFG.com
LincolnFinancial.com

**The Lincoln National Life Insurance Company ("Lincoln")**
**Lincoln Life & Annuity Company of New York ("Lincoln")**
**First Penn-Pacific Life Insurance Company ("Lincoln")**

This form should be used to change the beneficiary on a policy or certificate. Complete a separate request for change of beneficiary for each policy to be changed, unless the owner and all information is the same on all policies.

### Step 1 - Guidance

Enter the policy or certificate number.

Enter any other relevant policy numbers separated by commas. The owner must be the same on all policies or a separate form is required.

Enter the full legal name of the person designated as the Insured on the policy and their date of birth, social security number, and contact information.

## Step 1 - Insured Information

**Policy Number:** IUL1062973

**First Name:** Ghasem

**Middle Name:**

**Last Name:** Mirzadeh

**Date of Birth:** [redacted] **SSN:** [redacted]

**Address:** 23 Mandrake Way

**City:** Irvine **State:** CA **Zip Code:** 92612

**Phone Number:** ___ - ___ - ___ **Mobile Number:** 949 - 466 - 4066

**Email Address:**

### Step 2 - Guidance

If the insured and the owner are the same person, proceed to step 3.

If this policy is trust owned proceed to page 2.

## Step 2 - Individual Owner Information

**Are the Insured and Owner the same person?** ☐ Yes ☐ No

**First Name:**

**Middle Name:**

**Last Name:**

**Date of Birth:** ___ / ___ / ___ **SSN:** ___ - ___ - ___

**Address:**

**City:** **State:** **Zip Code:**

**Phone Number:** ___ - ___ - ___ **Mobile Number:** ___ - ___ - ___

**Email Address:**

### Step 2 - Guidance

**If this policy is trust owned and has more than one trustee, make copies of this page, prior to completion, or attach on separate page and submit the information pertaining to each trustee.**

Enter the full legal name of the trust, tax ID number, date the trust was established, and contact information.

**Trust owned policies must be signed by all trustees with the title of each and attach the Certification of Trustee Powers form.**

The submission of a completed IRS Form W-9 may be required. Tax ID Number is required for Trusts.

Enter the full legal name of the **corporation, bank, financial institution, pension plan, Limited Liability Company (LLC) or other entity,** tax ID number, and contact information.

Indicate the officer name and contact information.

**Attach supporting documentation (i.e. corporate resolution, plan documents, operating agreement, etc.). See step 9 for additional details and signature requirements.**

Tax ID Number for Corporation/ Entities is required.

## Trust Owner information

Trust Name: ______

Tax ID Number: ______ Trust Date: ___ / ___ / ___

Address: ______

City: ______ State: ___ Zip Code: ___

Trustee First Name: ______

Trustee Last Name: ______

Phone Number: ___ - ___ - ___ Mobile Number: ___ - ___ - ___

Email Address: ______

## Corporation/Entity Owner information

Corporation/Entity Name: ______

Tax ID Number: ______

Address: ______

City: ______ State: ___ Zip Code: ___

Officer First Name: ______

Officer Last Name: ______

Phone Number: ___ - ___ - ___ Mobile Number: ___ - ___ - ___

Email Address: ______

### Step 3 - Guidance

This form replaces all prior beneficiary designations. If you are wanting to add beneficiaries, you must restate all existing beneficiaries.

If you do not select an option in this step, we will automatically change the beneficiaries on the base policy and the primary insured rider (if applicable).

If you select Other Insured Rider (OIR), indicate the first and last name of the Insured.

## Step 3 - Beneficiary Designation

Change beneficiaries on (select all that apply):

- ☐ Base policy
- ☐ Primary Insured rider
- ☐ Spouse rider
- ☐ Other Insured rider (OIR)
- ☐ Children Term rider(s)
- ☐ First to die rider
- ☐ Last to die rider

OIR Insured First Name: ______

OIR Insured Last Name: ______

### Step 4 - Guidance

If you are designating a trust or entity as beneficiary, proceed to step 6 or 7.

**If you are designating more than two individual primary beneficiaries, print as many copies of this page as needed prior to completing, and include the information for each beneficiary.**

Enter the primary beneficiary's name, date of birth, social security number, and contact information.

**Use numbers to indicate the percentage payable for each beneficiary. Lincoln will not accept dollar amounts or fractions.**

**All primary beneficiary designations on this form must total 100%.**

**Note: Beneficiary information is required to ensure we can identify and contact your beneficiary(ies) in the event of a claim. State regulations may require benefits to be paid to the State if Lincoln is unable to locate the beneficiary(ies) in a timely manner.**

Primary Individual Beneficiary(ies): The first person(s) in line to receive the death proceeds after the insured is deceased.

The submission of a completed IRS Form W-9 may be required.

## Step 4 - Primary Individual Beneficiary(ies)

**First Name:** Farkhonodeh

**Middle Name:**

**Last Name:** Mirzadeh

**Date of Birth:** [redacted] **SSN:** - -

**Address:** 23 Mandrake Way

**City:** Irvine **State:** CA **Zip Code:** 92612

**Phone Number:** - - **Mobile Number:** 949 - 903 - 8000

**Email Address:**

**Relationship to Insured:** Sister

**Indicate the percentage of the proceeds payable to this beneficiary:** 30.00 %

---

**First Name:** Soheyla

**Middle Name:**

**Last Name:** Mirzadeh

**Date of Birth:** [redacted] **SSN:** - -

**Address:** 23 Mandrake Way

**City:** Irvine **State:** CA **Zip Code:** 92612

**Phone Number:** - - **Mobile Number:** 949 - 903 - 8000

**Email Address:**

**Relationship to Insured:** Sister

**Indicate the percentage of the proceeds payable to this beneficiary:** 32.64 %

**Step 5 - Guidance**

If you are designating a trust or entity as a contingent beneficiary, proceed to step 6 or 7.

**If you are designating more than two individual contingent beneficiaries, print as many copies of this page as needed prior to completing.**

Enter the individual contingent beneficiary's name, date of birth, social security number, and contact information.

**Use numbers to indicate the percentage payable for each beneficiary. Lincoln will not accept dollar amounts or fractions.**

**All contingent beneficiary designations on this form must total 100%.**

Individual Contingent Beneficiary(ies): The second person(s)/entity(ies) in line to receive the death proceeds after the insured is deceased and no surviving primary beneficiary(ies).

The submission of a completed IRS Form W-9 may be required.

## Step 5 - Individual Contingent Beneficiary(ies)

**First Name:** Zahra

**Middle Name:**

**Last Name:** Mirzadeh

**Date of Birth:** [redacted] **SSN:** - -

**Address:** 23 Mandrake Way

**City:** Irvine **State:** CA **Zip Code:** 92612

**Phone Number:** - - **Mobile Number:** 949 - 903 - 8000

**Email Address:**

**Relationship to Insured:** Sister

**Indicate the percentage of the proceeds payable to this beneficiary:** 17.36 %

---

**First Name:** Maedeh

**Middle Name:**

**Last Name:** Mirzadeh

**Date of Birth:** [redacted] **SSN:** - -

**Address:** 23 Mandrake Way

**City:** Irvine **State:** CA **Zip Code:** 92612

**Phone Number:** - - **Mobile Number:** 949 - 903 - 8000

**Email Address:**

**Relationship to Insured:** Sister

**Indicate the percentage of the proceeds payable to this beneficiary:** 10.00 %

## Step 5 - Individual Contingent Beneficiary(ies)

**Step 5 - Guidance**

If you are designating a trust or entity as a contingent beneficiary, proceed to step 6 or 7.

**If you are designating more than two individual contingent beneficiaries, print as many copies of this page as needed prior to completing.**

Enter the individual contingent beneficiary's name, date of birth, social security number, and contact information.

**Use numbers to indicate the percentage payable for each beneficiary. Lincoln will not accept dollar amounts or fractions.**

**All contingent beneficiary designations on this form must total 100%.**

Individual Contingent Beneficiary(ies): The second person(s)/entity(ies) in line to receive the death proceeds after the insured is deceased and no surviving primary beneficiary(ies).

The submission of a completed IRS Form W-9 may be required.

**First Name:** Tahareh

**Middle Name:**

**Last Name:** Mirzadeh

**Date of Birth:** [redacted] **SSN:** - -

**Address:** 23 Mandrake Way

**City:** Irvine **State:** CA **Zip Code:** 92612

**Phone Number:** - - **Mobile Number:** 949 - 903 - 8000

**Email Address:**

**Relationship to Insured:** Sister

**Indicate the percentage of the proceeds payable to this beneficiary:** 10.00 %

---

**First Name:**

**Middle Name:**

**Last Name:**

**Date of Birth:** / / **SSN:** - -

**Address:**

**City:** **State:** **Zip Code:**

**Phone Number:** - - **Mobile Number:** - -

**Email Address:**

**Relationship to Insured:**

**Indicate the percentage of the proceeds payable to this beneficiary:** %

**Step 6 - Guidance**

Use this section to designate a trust as a beneficiary.

**If you are designating more than one trust or more than two trustees, print as many copies of this page as needed prior to completing.**

Indicate if this trust designation is for primary beneficiary or contingent beneficiary.

Enter the trust name, tax ID number, date the trust was established, and address.

**Use numbers to indicate the percentage payable to this trust.**

**All primary beneficiary designations on this form must total 100%.**

**All contingent beneficiary designations on this form must total 100%.**

Indicate all trustee names and contact information.

Note: **Trustee information is required to ensure we can identify and contact your beneficiary(ies) in the event of a claim. State regulations may require benefits to be paid to the State if Lincoln is unable to locate the beneficiary(ies) in a timely manner.**

Primary Beneficiary(ies): The first person(s)/entity(ies) in line to receive the death proceeds after the insured is deceased.

Contingent Beneficiary(ies): The second person(s)/entity(ies) in line to receive the death proceeds after the insured is deceased and no surviving primary beneficiary(ies).

Trust Tax ID Number is required.

## Step 6 - Trust Beneficiary Designation

☐ Primary Beneficiary ☐ Contingent Beneficiary

Trust Name: ______

Tax ID Number: ______ Trust Date: ___ / ___ / ___

Address: ______

City: ______ State: ___ Zip Code: ___

Indicate the percentage of the proceeds payable to this beneficiary: ___ %

---

Trustee First Name: ______

Trustee Last Name: ______

Address: ______

City: ______ State: ___ Zip Code: ___

Phone Number: ___ - ___ - ___

Email Address: ______

---

Trustee First Name: ______

Trustee Last Name: ______

Address: ______

City: ______ State: ___ Zip Code: ___

Phone Number: ___ - ___ - ___

Email Address: ______

**Step 7 - Guidance**

Use this section to designate a **corporation/entity** as a primary or irrevocable beneficiary.

**If you are designating more than one corporation/entity, print as many copies of this page as needed prior to completing.**

Enter the corporation/entity full legal name, tax ID number, officer name and contact information.

Use numbers to indicate the percentage payable to the Corporation/Entity.

**All primary beneficiary designations on this form must total 100%.**

**All contingent beneficiary designations on this form must total 100%.**

Corporation/Entity Tax ID Number is required.

## Step 7 - Corporation/Entity Beneficiary Designation

☐ Primary Beneficiary ☐ Contingent Beneficiary

Corporation/Entity Name:

Tax ID Number:

Address:

City: State: Zip Code:

Phone Number: - -

Email Address:

Indicate the percentage of the proceeds payable to this beneficiary: %

**Step 8 - Guidance**

If you designated a beneficiary who is a minor, indicate the Guardian/ Conservator's name and contact information.

The minor's name and contact information should have already been listed as a beneficiary in a prior section.

**Any payment due to a minor beneficiary shall be made to the legally appointed guardian of the minor, unless otherwise permitted by law. If you are designating a minor beneficiary, we suggest you contact your legal advisor to consider doing so under the UNIFORM GIFTS TO MINOR ACT (UGMA), or UNIFORM TRANSFERS TO MINORS ACT (UTMA), whichever may be in effect in your state.**

## Step 8 - Guardian/Conservator Beneficiary Designation

Guardian/Conservator First Name:

Guardian/Conservator Last Name:

Address:

City: State: Zip Code:

Phone Number: - - Mobile Number: - -

Email Address:

### Minor Beneficiary Information

Minor First Name:

Minor Last Name:

### Step 9 - Guidance

Completion of this section certifies that the Policy Owner and all engaged parties are aware of and approve the beneficiary(ies) designation update.

**If you need additional signature lines, make a copy of this form prior to completion.**

Owner Signature Requirements:

Individual Policy Owner(s) - Sign, print name, and date. The title is not required.

Owner Signature Requirements:

Power of Attorney (POA) - Sign, print name, title (ex. Attorney-in-Fact for Jane Doe) and attach a copy of POA. If the POA is 3+ years old, also attach an affidavit that the POA is still current.

Conservator or Guardian - Sign, print name, title and attach Letter(s) of Conservatorship or Letter(s) of Guardianship of the estate.

Custodian of Minor - Sign, print name, title, date and attach a court order, or other documentation evidencing an appointment as Custodian under a state Uniform Transfers [Gifts] to Minors Act.

Corporation, Bank or Financial Institution - One officer signature, print name, title, date, and attach Corporate Resolution which names all officers authorized to sign on behalf of the corporation; or two officer signatures, print name, title, date and the Corporate Resolution is not required.

Pension Plan Administrator - Sign, print name, date and attach the Plan documents naming the Administrator.

Trust - Trustee(s) sign, print name, title, date, and attach the completed Certification of Trustee Powers form.

Partnership or LLC - One general/managing partner signature, print name, title, date and attach a copy of the Partnership Agreement for Partnerships or one managing member's signature, print name, title and attach a copy of the Operating Agreement for LLCs.

**Note: Notarization is required if the signor must sign with an "X" and stamped signatures will not be accepted.**

## Step 9 - Authorizations and Signatures

As ***Policy Owner***, I certify that the information provided on this form is complete and correct. I hereby revoke any previous beneficiary designation and request that upon the death of the Insured named on this policy and/or rider(s) that the proceeds be made payable to the beneficiary(ies) designated herein.

**Owner's Signature:** X G.Mirzadeh [signature]

**Print Name:** Ghasem Mirzadeh

**Title:**

**Date:** 10 / 06 / 2024

---

**Owner's Signature:**

**Print Name:**

**Title:**

**Date:** / /

---

This signature section should only be completed by an existing irrevocable beneficiary to provide consent for this policy change to occur.

As ***Irrevocable Beneficiary***, I hereby consent to revoke any previous beneficiary designation and request that upon the death of the Insured named on this policy and/or rider(s) that the proceeds be made payable to the beneficiary(ies) designated herein.

**Irrevocable Beneficiary's Signature:**

**Print Name:**

**Title:**

**Date:** / /

---

Residents of Massachusetts must have a witness sign this form.

As ***Witness***, I observed the owner sign this form.

**Witness's Signature:** [signature]

**Print Name:** Ahmad Hashemian

**Date:** 10 / 06 / 2024

# **EXHIBIT D**

**From:** Life Claims Care
**Sent:** Friday, January 31, 2025 2:15 PM
**To:** SA-EMLRIP114-P
**Subject:** FW: Mirzadeh - Petition Filed - Policy Number - IUL1062973; Claim Number 1487051

---

**From:** Sam Goldstein <sgoldstein@buffingtonlawfirm.com>
**Sent:** Friday, January 31, 2025 2:13:52 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** Life Claims Care <LifeClaimsCare2@lfg.com>
**Cc:** notice <notice@buffingtonlawfirm.com>
**Subject:** Mirzadeh - Petition Filed - Policy Number - IUL1062973; Claim Number 1487051

***This email is from an external source. Only open links and attachments from a Trusted Sender.***

Good Morning,

My name is Sam Goldstein, I am an attorney with Buffington Law Firm writing on behalf of our client, Mohsen Mirzadeh. Mohsen is one of the siblings of the late Mr. Ghasem Mirzadeh, who held a life insurance policy with Lincoln Financial Group, Policy Number IUL1062973.

It is our understanding that there were significant and problematic changes to the Pay-On-Death Beneficiary just five days before the passing of Mr. Ghasem Mirzadeh, when he was in a seriously compromised mental and physical state. It is also our understanding that these changes do not reflect the true intent of the policy holder, and instead are the result of undue influence and abusive practices.

Please advise what the process is for opening a formal inquiry into these changes. Otherwise we will be forced to amend our petition - attached - to seek an injunction against any distributions until such time as this can be properly and thoroughly investigated and adjudicated.

I look forward to your response.

Thank you,

Sam Goldstein

https://r.superhuman.com/nUbxBa20uVbbKzrMHJ0Kz5rQSfzJI1nEOyg2FN7k6YDQHYk8GzodKWFNc8jrNu8lCNxcl3bK7XBkeZG_636Eqe-

sUWlVVTp6gNuQGr4NrDtlib6wlk2cwN6sieKKlQqkpDJvzXtElY1u18Ds32oJVxN6iRm2P
8JKL64GzJAkuPo.gif

Sam Goldstein, Esq.

Buffington Law Firm, PC

8840 Warner Ave., Suite 300

Fountain Valley, CA 92708

Tel: 714.842.6124

Cell: 949.414.6684
Fax: 714.842.6134

Email: notice@buffingtonlawfirm.com

www.buffingtonlawfirm.com

**[Error : unloaded OLE object or mail attachment]**

# EXHIBIT E

Electronically Filed by Superior Court of California, County of Orange, 01/24/2025 03:47:51 PM.
30-2025-01455673-PR-TR-CMC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Luh, Deputy Clerk.

Roger J. Buffington (State Bar No. 191960)
Rye Mhtar (State Bar No. 330837)
Sam Goldstein (State Bar No. Pending)
Buffington Law Firm, PC
8840 Warner Ave., Suite 300
Fountain Valley, CA 92708
Main: (714) 842-6124
Fax: (714) 842-6134
notice@buffingtonlawfirm.com

Attorneys for: Petitioner Mohsen Mirzadeh

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| In re the matter of:<br><br>The 2018 Ghasem Mirzadeh Trust Dated June 13, 2018<br><br>Mohsen Mirzadeh, an individual,<br><br>Petitioner;<br><br>v.<br><br>Soheyla Sandoval, as successor trustee of the 2018 Ghasem Mirzadeh Trust Dated June 13, 2018; and<br>DOES 1 through 10, inclusive;<br><br>Respondent. | No. 30-2025-01455673-PR-TR-CMC<br><br>**PETITIONER MOHSEN MIRZADEH'S PETITION:**<br>**1) INSTRUCTIONS TO TRUSTEE TO PRODUCE A FULL AND COMPLETE COPY OF THE TRUST AND COMPLY WITH §16061.7;**<br><br>[PROB. CODE §§ 16061, 16061.7, 16061.9, 17200(b)(1, 2, 4, 6)]<br><br>DATE: 05/29/2025<br>TIME: 09:00 AM<br>DEPT.: CM06 |

Petitioner Mohsen Mirzadeh respectfully brings this Petition and alleges:

## GENERAL ALLEGATIONS AND STATEMENT OF FACTS

1. This Petition concerns the 2018 Ghasem Mirzadeh Trust Dated June 13, 2018 (the "Trust") established by Ghasem Mirzadeh (*hereinafter* referred to collectively as "Trustor").

2. On October 11, 2024, the Trustor passed away. Accordingly, the Trust is now irrevocable.

3. Petitioner Mohsen Mirzadeh ("Petitioner") is a beneficiary of the Trust, pursuant to the second amendment to the Trust made on October 13, 2023. As the Respondent has not provided a probate-code compliant §16061.7 notice, along with a full and complete copy of the Trust and any Amendments thereto, Petitioner believes there may be additional amendments to the Trust not currently in his possession. A copy of the Trust and the Amendments in Petitioner's possession are attached and incorporated as Exhibit A.

4. The Trustor had six siblings, to wit: Petitioner Mohsen Mirzadeh, Farkhondeh Mirzadeh, Maedeh Mirzadeh, Tahereh Mirzadeh, Zahra Mirzadeh, and Respondent Soheyla Sandoval ("Respondent").

5. On information and belief, Petitioner alleges that Respondent acceded to the position of Successor Trustee of the Trust and hold themselves out as acting thereas, although Petitioner has never received a Notification By Trustee Under Probate Code Section 16061.7 ("Notification By Trustee").

6. Orange County, California is the appropriate venue for this action, as the principal place of the administration of the Trust is located within Orange County, California.

7. Petitioner is ignorant of the true names and capacities of Respondent sued herein as DOES 1 through DOES 10, inclusive, and therefore sues these Respondent by such fictitious names. Petitioner will amend this petition to allege their true names and capacities when ascertained.

8. Petitioner is unaware of any Probate concerning the Trustor's Will.

9. Petitioner has requested in writing an accounting of the Trust, as well as informational requests. If 60 days pass following Petitioner's written informational requests and accounting demands to Respondent, Petitioner will amend this Petition to add a cause of action requesting

the Court to order an accounting from the Respondent. A copy of Petitioner's written request is attached and incorporated as Exhibit B.

10. Petitioner has inquired of Respondent to other matters pertaining to the routine administration of the Trust as provided for under *Probate Code* §§ 16060, 16061, and 16065 and other authorities.

11. On information and belief, Petitioner understands that amendments were made to the Trust and changes were made to the beneficiary designations of trust assets, including life insurance policies, in the final days of the Trustor's life, when he was in a diminished condition lacking testamentary capacity.

**FIRST CLAIM FOR RELEIF AGAINST ALL RESPONDENTS**
**(For Order Instructing the Trustee to Produce a Full and Complete Copy of the Trust with a Probate Code Section 16061.7 Notification)**
**[Probate Code §§ 16061.7, 16061.9, and 17200(b)(1, 2, 4, 6)]**

12. Paragraphs 1-11 are herein incorporated and realleged. Under *Probate Code* §16061.7(a)(1) "A trustee shall serve a notification by the trustee as described in this section…when a revocable trust or any portion thereof becomes irrevocable within one year of the death of one or more of the settlors of the trust…"

13. Under *Probate Code* §16061.7(b)(1) and (2), "the notification by the trustee required by subdivision (a) shall be served on each of the following: (1) each beneficiary of the irrevocable trust… (2) each heir of the deceased settlor…".

14. Under *Probate Code* §16061.7(f), "the notification by trustee shall be served not later than 60 days following the occurrence of the event requiring service of the notification by the trustee…"

15. Under *Probate Code* §16061.7(g)(5) "The notification by trustee shall contain the following information: (5) a notification that the recipient is entitled, upon reasonable request to the trustee, to receive from the trustee a true and complete copy of the terms of the trust.

16. Under *Probate Code* §17200(b) A trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust. Proceedings concerning the internal affairs of a trust include the following: (4) determining beneficiaries; (6) instructing the trustee.

17. *Probate Code* §16061.9(a) provides for liability of a trustee who fails to properly serve notice. Specifically, "a trustee who fails to serve the notification by trustee as required by Section 16061.7 on a beneficiary shall be responsible for all damages, attorney's fees, and costs caused by the failure unless the trustee makes a reasonably diligent effort to comply with that section."

18. Upon information and belief, Petitioner is a beneficiary of the Trust entitled to a *Probate Code* §16061.7 Notification upon the Trustor's death as well as a full and complete copy of the Trust and all Amendments. Petitioner requests that this Court order the Trustee to provide Petitioner with a full copy of the Trust, inclusive of all amendments.

**INTERESTED PARTIES AND NOTICE**

19. The names and addresses of the Respondent and beneficiaries of the Trust and any others entitled to notice of this Petition, as well as their relationship to the Trustors, as currently known to the Petitioner, are as follows:

a. Mohsen Mirzadeh (Trustor's Brother; Petitioner; Beneficiary of the Trust)

   c/o Buffington Law Firm
   8840 Warner Avenue, Suite 300
   Fountain Valley, CA 92708
   notice@buffingtonlawfirm.com

b. Soheyla Sandoval (Trustor's Sister; Successor Trustee; Beneficiary of the Trust, Respondent)

   400 N. Acacia Ave., Unit A31
   Fullerton, CA 92831
   S.Mirzadeh@gmail.com

c. Zahra Mirzadeh (Trustor's Sister; Beneficiary of the Trust)

   Berckhusenstraße 18
   30625 Hannover
   Germany
   shahlamr@gmail.com

d. Farkhondeh Mirzadeh (Trustor's Sister; Beneficiary of the Trust)

23 Mandrake Way
Irvine, CA 92612
Farkhondeh.Mirzadeh93@gmail.com

e. Maedeh Mirzadeh (Trustor's Sister; Beneficiary of the Trust)

Ortmannsweg 3
47918 Tönisvorst
Germany

f. Tahereh Mirzadeh (Trustor's Sister; Beneficiary of the Trust)

Laaker Weg 15A
31785 Hameln
Germany

**WHEREFORE, the Petitioner Mohsen Mirzadeh prays to this Court for the following relief:**

1. For an Order requiring the Trustee to comply with reasonable informational requests concerning administration of the Trust pursuant to *Probate Code* § 16061.7;
2. For an Order requiring the Trustee to provide Petitioner with a full and complete copy of the Trust, inclusive of all amendments.;
3. For such other relief as the Court may determine to be in the interests of justice.

Dated: January 24, 2025

Buffington Law Firm, PC

Roger J. Buffington
Rye Mhtar
Sam Goldstein
Attorneys for Petitioner Mohsen Mirzadeh

## VERIFICATION

I, Mohsen Mirzadeh, am the Petitioner in the above-entitled proceeding. I have read the foregoing Petition and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mohsen Mirzadeh

Dated: 01.24.2025

# EXHIBIT A

# DECLARATION AND AGREEMENT

of TRUST

of the

2018 Ghasem Mirzadeh Trust

dated

June 13, 2018

Ghasem Mirzadeh

Trustor

and

Ghasem Mirzadeh

Trustee

Law Offices of
CHRISTOPHER K. JAFARI
1 Park Plaza, Suite 600
Irvine, CA 92614
(949) 852-4454

This agreement, (hereinafter "Trust Instrument") which shall be entitled the 2018 Ghasem Mirzadeh Trust is entered into on June 13, 2018 by and between Ghasem Mirzadeh as Trustor, and Ghasem Mirzadeh as Trustee. If at any time the Trustor is unable or unwilling to continue to serve as Trustee, then Minoo Saeidian of 23 Mandrake Way, Irvine, CA 92612, whose telephone number is (949) 664 – 0260) shall act as Successor Trustee. In the event that Minoo Saeidian is unwilling or unable to act, then a successor trustee shall be appointed by majority vote of the beneficiaries of this trust.

## ARTICLE I

## TRUST PROPERTY

**1.1** **Initial Trust Estate:** The Trustor hereby declares and acknowledges that the Trustor has given, transferred, and delivered to the Trustee, without consideration on the part of the Trustee, all of the assets listed on Schedule A, herein.

## ARTICLE II

## 2018 GHASEM MIRZADEH TRUST

The Trusts created in this Trust Instrument may be referred to as the 2018 Ghasem Mirzadeh Trust for such purposes of identification and also may be designated by such members or other names as the Trustee may determine.

## ARTICLE III

## TRUSTEE'S FEES

For its services as Trustee, an institutional or corporate Trustee shall receive the compensation set forth in its regularly published fee schedule in effect and applicable at the time such compensation shall become payable. In the event an individual Trustee is acting as Co-Trustee with an institutional or corporate Trustee, the institutional or corporate Trustee shall receive its customary compensation in Co-Trustee cases and the individual Co-Trustee shall be entitled to an amount equal to one-half (1/2) of the institutional or corporate Trustee's fee. Individuals acting as Successor Trustees, without an institutional or corporate Trustee as Co-Trustee, shall be entitled to an amount equal to the fee set forth in the generally prevailing corporate or institutional trustee fee schedules then effective, which fee shall be divided equally between them if more than one. All Trustees shall be entitled to reimbursement for expenses incurred by the Trustee directly for the benefit of the trust. Any Trustee, Co-Trustee, or Successor Trustee may waive all or a portion of the Trustee's compensation under this paragraph.

## ARTICLE IV

## POWER TO AMEND AND REVOKE

**4.1 During Lifetime of Trustor:** During the lifetime of Trustor, this trust may be revoked in whole or in part by the Trustor only. The power of revocation shall be exercised by written notice delivered by the Trustor during his or her lifetime to the Trustee. In the event that Trustor is incapacitated, it is the Trustor's express intention not to give its power of attorney any powers to revoke or amend this trust in any way.

**4.2 After Death of Trustor:** From and after the death of the Trustor, this trust may not be amended or revoked by any person or entity.

**4.3 Effect:** Any amendment or revocation shall take effect when and if the required writing is received by the Trustee, but any such amendment or revocation shall not affect any lawful act of the Trustee prior to receipt by the Trustee of the required writing. Notwithstanding the foregoing, the Trustee shall not be obligated to act under any amendment unless it accepts the same in writing.

## ARTICLE V

## DISTRIBUTION OF INCOME AND PRINCIPAL

**5.1 During the Lifetime of Trustor:**

**5.1.1 Income:** As long as the Trustor is living, the Trustee shall pay to the Trustor, or shall apply for his or her benefit, the entire net income of the trust estate.

**5.1.2 Withdrawal of Principal:** At the written request of the Trustor, the Trustee shall pay to the Trustor so much of the principal of the trust estate as shall be so requested.

**5.1.3 Trustor Incapacitated:** If at any time, either in the Trustee's absolute discretion or as certified in writing by two licensed physicians, the Trustor has become physically or mentally incapacitated, whether or not a court of competent jurisdiction has declared the Trustor incompetent, mentally ill, or in need of a conservator, the Trustee shall pay or apply for the benefit of the Trustor amounts of net income and principal necessary in the Trustee's absolute discretion for the proper health, support and maintenance of the Trustor until the Trustor, either in the Trustee's absolute discretion or as certified by two licensed physicians, is again able to manage the Trustor's own affairs, or until the earlier death of the Trustor. Any income in excess of the amounts applied for the benefit of the Trustor shall be accumulated and added to principal. If a guardian or conservator of the person or the estate is appointed for the Trustor, the Trustee shall take into account any payments made for the Trustor's benefit by the guardian or conservator.

5.2 **Upon the Death of Trustor:**

5.2.1 **Deceased Trustor's Estate:**

a. **Payment of Debts, Funeral Expenses, Taxes:** Upon the death of the Trustor, the Trustee, in the Trustee's sole discretion, may pay out of the trust estate, to the extent that the Trustee determines they are not provided for by the probate estate of the deceased Trustor, any debts of the deceased Trustor, the last illness and funeral expenses of the deceased Trustor, attorneys' fees and other costs incurred in administering said Trustor's estate, and any estate or inheritance taxes (including interest and penalties thereon) and other costs arising by reason of said Trustor's death. The Trustee may make such payments to the executor or administrator of the deceased Trustor's estate. Except as may be otherwise specifically provided, such charge and expense shall be paid from the trust estate as a whole without apportionment, deduction or adjustment among the beneficiaries of this trust or of any separate trust hereunder.

b. **Distribution of Personal Property:** The Trustor may make a list of specific bequests of tangible personal property in the nature of jewelry, furniture, furnishings or personal effects, to any individual or individuals or entity that the Trustor may wish. Such list shall specifically refer to this paragraph by number, shall be signed by the Trustor, and shall be delivered to the Trustee. Any such list shall constitute an amendment of this trust as to those items, and the Trustee shall distribute such bequests as the list may provide.

c. **General Power of Appointment:** Upon the death of the Trustor, the Trustee shall distribute the balance then remaining, if any, of the trust estate, (including both principal and any accrued or undistributed income) to such one or more persons or entities, including the Trustor's own estate, and on such terms and conditions, either outright or in trust, as the Trustor shall appoint by a Will, Codicil or Living Trust provision, which Trust provision is to take effect upon the death of the Trustor, and which Will, Codicil or Trust provision specifically refers to and exercises this power of appointment.

d. **In Absence of Appointment:** Any portion of the trust estate not effectively appointed by the Trustor in the above manner, less any payments or charges made in accordance with 5.02.1 (a) above, shall be held, administered and distributed as follows:

i. The Trustee shall make distributions of the following specific gifts:

a. To Trustor's three sisters, Maedeh Mirzadeh, Farkhondeh Mirzadeh, and Soheyla Mirzadeh, one-third of all trust property identified in Schedule A which is attached herewith, except that all of Trustor's shares of stock and/or ownership interest in Sina Corporation d/b/a Irvine Pharmacy and Best Choice Pharmacy shall be distributed solely to Soheyla Mirzadeh, which is in addition to her one-third of trust property.

ii. The remainder of the trust estate shall be distributed outright and free of trust as follows: an equal one-third of the remaining trust estate shall be given to Trustor's three sisters, Maedeh Mirzadeh, Farkhondeh Mirzadeh, and Soheyla Mirzadeh;

iii. Except as otherwise provided herein, if any person entitled to outright distribution of any portion of the trust estate is under age eighteen (18), the Trustee shall hold and administer such person's portion of the trust estate for the person's benefit, add income therefrom to principal and pay to or apply for the benefit of the person as much of the person's trust as the Trustee, in the Trustee's discretion, deems necessary for the person's health, education, support and maintenance, after taking into consideration, to the extent the Trustee deems advisable, any other income or resources of the person outside of the person's trust known to the Trustee. When the person attains age eighteen (18), the Trustee shall distribute to the person the balance of his or her share of the trust estate. If a person dies before receiving complete distribution under the terms of this Trust Instrument, the person's remaining portion of the trust estate shall be distributed equally to his or her living issue, if any. If the person should die leaving no living issue, his or her portion shall be distributed as if he or she had predeceased the Trustor.

iv Except as otherwise provided herein, if any person entitled to outright distribution of any portion of the trust estate is mentally or legally incompetent, the Trustee shall hold and administer such person's portion of the trust estate for the person's benefit, add income therefrom to principal and pay to or apply for the benefit of the person as much of the person's trust as the Trustee, in the Trustee's discretion, deems necessary for the person's health, education, support and maintenance, after taking into consideration, to the extent the Trustee deems advisable, any other income or resources of the person outside of the person's trust known to the Trustee. When the person attains competency, the Trustee shall distribute to the person the share to which he or she would have otherwise been entitled, but for the disability, as provided elsewhere in this Trust Instrument. If the person should die before attaining competency, the person's remaining portion of the trust estate shall be distributed to the person's then living issue, if any, and if none, as if he or she had predeceased the Trustor.

v. The Trustor has intentionally omitted all of the Trustor's heirs or other relatives who are not specifically mentioned herein, and the Trustor hereby generally and specifically disinherits each, and all persons whomsoever claiming to be or who may be lawfully determined to be the Trustor's heirs at law, except as otherwise mentioned in this Trust Instrument, and if any such person or such heirs who, if the Trustor died intestate, would be entitled or shall lawfully become entitled to any part of the trust estate, or if any of the devisees or legatees, or their successors in interest, shall either directly or indirectly, singly or in conjunction with other persons, seek to establish or establish or assert any claims to the trust

estate or any part hereof, except under this Trust Instrument, or to impair. invalidate or set aside its provisions, or shall endeavor to secure to take any part of the trust estate in any manner other than through or under this Trust Instrument, then, in any and all of the above mentioned cases and events, any share or interest in the trust given to that beneficiary or relative is revoked and shall be disposed of in the same manner provided herein as if that beneficiary or relative had predeceased the Trustor without issue.

5.3 **Ultimate Distribution:** If at any time before full distribution of the trust estate, Trustor and all of the beneficiaries are deceased and no other disposition of the property is directed by this Trust Instrument, the trust estate or the portion of it then remaining shall thereupon be distributed to those persons who would then be the heirs of the Trustor, the identities and the respective shares of the heirs to be determined as though the death had then occurred and according to the laws of the State of California then in effect relating to the succession of separate property not acquired from a parent, grandparent or a predeceased spouse.

## ARTICLE VI

## POWERS OF TRUSTEE

To carry out the purposes of any trust created under this Trust Instrument and subject to any additions or limitations stated elsewhere in this Trust Instrument, the Trustee is vested with the following powers with respect to the trust estate, and any part of it, in addition to those powers now or hereafter conferred by law. The enumeration of certain powers of the Trustee shall not limit its general powers, and the Trustee, subject always to the discharge of its fiduciary obligations, is vested with and shall have all the rights, powers and privileges which an absolute owner of the same property would have.

6.1 **Power to Retain Property:** The Trustee shall have the power to continue to hold any property, including shares of the Trustee's own stock, that the Trustee receives or acquires under the trust as long as the Trustee deems advisable; provided, however, that unproductive or under-productive property shall not be held as an asset of the trust for more than a reasonable time during the lifetime of the Trustor without his or her consent.

6.2 **Power to Operate Business:** The Trustee shall have the power to continue or participate in any business or other enterprise at the risk of the trust estate and to effect incorporation, dissolution or other change in the form of organization of the business or enterprise.

6.3 **Power of Sale, Exchange, Repair, etc.:** The Trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments), convey, exchange, partition divide, subdivide, improve and repair trust property; and to create restrictions, easements and other servitudes, with or without considerations.

6.4 **Power to Lease:** The Trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil and other minerals; to enter into community oil leases, pooling and

unitization agreements.

**6.5** **Power to Borrow:** The Trustee shall have the power to borrow money for any trust purpose upon such terms and conditions as the Trustee may deem proper, and to encumber the trust estate or any trust property by mortgage, deed of trust, pledge, or otherwise, using such procedure to consummate the transaction as the Trustee may deem advisable; to guarantee loans made by third parties to beneficiaries; to guarantee loans made by third parties to persons and organizations other than beneficiaries in connection with business transactions entered into by the Trustee on behalf of the trust; and to pledge any trust asset to secure any such guarantee.

**6.6** **Power to Guarantee Loans:** The Trustee shall have the power to guarantee loans made by third parties to beneficiaries; to guarantee loans made or leases entered into by third parties to or with a corporation of which Trustor is a principal shareholder and whose stock is an asset of the Trust; to guarantee loans made by third parties to persons and organizations other than beneficiaries in connection with business transactions entered into by the Trustee on behalf of the Trust; and to pledge any Trust asset to secure any such guarantee.

**6.7** **Power to Insure:** The Trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the Trustee deems advisable to protect the trust estate and the Trustee against any hazard.

**6.8** **Power to Commence or Defend Litigation:** The Trustee shall have the power to commence or defend such litigation with respect to the trust or any property of the trust estate as the Trustee may deem advisable, at the expense of the trust. The Trustee's powers under this paragraph shall apply during the term of the trust and after distribution of trust property. However, the Trustee shall have no obligations or duties with respect to any litigation or claims occurring after distribution of trust property unless the Trustee is adequately indemnified by the distributees for any loss in connection with such matters.

**6.9** **Power to Compromise Claims:** The Trustee shall have the power to compromise or otherwise adjust any claims or litigation against or in favor of the trust.

**6.10** **Investment Powers:** The Trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal or mixed, and every kind of investment, specifically including, but not by way of limitation, commodity futures and options on commodity futures, corporate obligations of every kind, stocks, preferred or common, shares of investment trusts, investment companies and mutual funds, and mortgage participation, which persons of prudence, discretion and intelligence acquire for their own account, and any common trust fund administered by the Trustee.

**6.11** **Power to Manage Securities:** With respect to securities held in the trust, the Trustee shall have all of the rights, powers, and privileges of an owner, including, but not by way of limitation, the power to vote, give proxies and pay assessments; to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, liquidations sales and leases, and incident to such participation to deposit securities with and transfer title to any protective or other committee on such terms as the Trustee may deem advisable; and to exercise or sell stock subscription or conversion rights; provided, however, that a corporate Trustee may

vote its own shares in the election of directors only in the manner determined and directed by Trustor, during his or her lifetime, or, after his or her death, by the beneficiary or a majority of the beneficiaries of the trust hereunder containing such shares.

6.12 **Brokerage Accounts:** The Trustee is authorized to buy, sell and trade in securities of any nature (including "short " sales) and including puts, calls, straddles and other options, covered and uncovered, of every kind and nature, on margin and for such purpose may maintain and operate margin accounts with brokers and may pledge any securities held or purchased by them with such brokers as security for loans and advances made to the Trustee.

6.13 **Power to Hold Property in Nominee:** The Trustee shall have the power to hold securities or other property in the Trustee's own name or in the name of its nominee with or without disclosing any fiduciary relationship or the Trustee may hold securities unregistered in such condition that ownership will pass by delivery.

6.14 **Power to Advance Funds:** The Trustee shall have the power to loan or advance the Trustee's funds to the trust for any trust purpose, such advances with interest at then current rates to constitute a first lien upon the entire trust estate and to be repaid out of the principal or income.

6.15 **Power to Budget:** The Trustee shall have the power to budget the estimated annual income and expenses of the trusts in such manner as to equalize, as far as practicable, periodic income payments to beneficiaries.

6.16 **Determination of Principal and Income:** Except as otherwise specifically provided in this Trust Instrument, the determination of all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts shall be governed by the provisions of the California Principal and Income Law from time to time existing. Any such matter not provided for either in this Trust Instrument or in the Principal and Income Law shall be determined by the Trustee in its discretion.

6.17 **Division and Distribution in Kind:** The Trustee shall have the power to partition, allot and distribute the trust estate, on any division or partial or final distribution of the trust estate, in undivided interests or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee may deem necessary to make division or distribution. In making any division or partial or final distribution of the trust estate, the Trustee shall be under no obligation to make a pro rata division, or to distribute the same assets to beneficiaries similarly situated; but rather, the Trustee may, in the Trustee's absolute discretion, make a non-pro rata division between trusts or shares and non-pro rata distributions to such beneficiaries, as long as the respective assets allocated to separate trusts or shares, or distributed to such beneficiaries, have equivalent or proportionate fair market value. The income tax bases of assets allocated or distributed non-pro rata need not be equivalent and may vary to a greater or lesser amount, as determined by the Trustee in its discretion, and no adjustment need be made to compensate for any difference in bases.

6.18 **Transactions with Estate of Trustor:** If the Trustee deems it necessary or advisable for the protection of the estate of the Trustor; or in the best interest of such estate of

this trust and the beneficiaries thereof, the Trustee, in its sole and absolute discretion, may with trust funds purchase any securities or other property at a fair value from the legal representatives of such estate and retain such property as part of the trust estate and make secured or unsecured loans of trust funds at the then current rate of interest to such legal representatives, without any liability for loss resulting to the trust estate by reason of such purpose or loan.

**6.19** **Transactions Between Trusts:** The Trustee may loan or advance money, at the current rate of interest, from any trust hereunder to any other trust hereunder and may sell and purchase assets between the trust hereunder in the Trustee's discretion; subject, always, to the requirement that such transactions be for fair and adequate consideration.

**6.20** **Power to Invest in Life Insurance:** The Trustee shall have the power to apply for, own, receive as a part of the trust assets, hold or pay premiums upon life insurance in any form and upon the life of any person or persons as the Trustee may deem advisable. The Trustee is authorized to exercise all rights under such policies and no company issuing the same shall be required to determine the extent of the authority of the Trustee.

**6.21** **Power to Adjust for Tax Consequences:** The Trustee shall have the power, in the Trustee's absolute discretion, to take any action and to make any election to minimize the tax liabilities of this trust and its beneficiaries, to allocate the benefits among the various beneficiaries, to make adjustments in the rights of any beneficiaries, or between the income and principal accounts and to compensate for the sequence of any tax election or any investment or administrative decision that the Trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

**6.22** **Trustee's Power to Loan to, Buy from and Sell to Trust Individually:** The Trustee shall have the power to loan or advance the Trustee's own funds to the trust for any trust purpose, with interest at current rates; to receive security for such loans in the form of a mortgage, pledge, deed of trust or other encumbrance of any assets of the trust; to purchase assets of the trust at their fair market value as determined by an independent appraisal of those assets; and to sell property to the trust at a price not in excess of its fair market value as determined by an independent appraisal.

**6.23** **Release of Powers:** Each individual (non-corporate) Trustee shall have the power to release or to restrict the scope of any power that he or she may hold in connection with the trust created under this Trust Instrument, whether said power is expressly granted in this Trust Instrument or implied by law. The individual (non-corporate) Trustee shall exercise this power in a written instrument specifying the powers to be released or restricted and the nature of any such restriction. Any released power shall pass to and be exercised as provided for in the written instrument.

**6.24** **Power to Withhold Payment if Conflicting Claims Arise:** The Trustee shall have the power to withhold from distribution, in the Trustee's absolute discretion, at the time for distribution of any property in this trust, without the payment of interest, all or any part of the property, as long as the Trustee shall determine in the Trustee's absolute discretion that such property may be subject to conflicting claims, to tax deficiencies, or to liabilities, contingent or otherwise, properly incurred in the administration of the estate.

6.25 **Power to Purchase Bonds at Premium:** The Trustee shall have the power to purchase bonds, and to pay such premiums in connection with the purchase as the Trustee, in the Trustee's absolute discretion, deems advisable; provided, however, that each premium shall be repaid periodically to principal out of the interest on the bond in such reasonable manner as the Trustee shall determine and, to the extent necessary, out of the proceeds on the sale or other disposition of the bond.

6.26 **Power to Purchase Bonds at Discount:** The Trustee shall have the power to purchase bonds at such discount as the Trustee, in the Trustee's absolute discretion, deems advisable; provided, however, that each discount shall be accumulated periodically as interest in such reasonable manner as the Trustee shall determine and to the extent necessary paid out of the proceeds on the sale or other disposition of the bond or out of principal.

6.27 **Power to Employ Agents:** The Trustee shall have the power to employ a custodian, attorney, accountant, corporate fiduciary, investment counsel, or any other agent or agents to assist the Trustee in the administration of this trust and to rely on the advice given by these agents. The Trustee shall also have the power to delegate security trading authority to a broker. Reasonable compensation for all services performed by these agents shall be paid from the trust estate out of income and shall not decrease the compensation to which the Trustee is entitled, including agents in foreign jurisdictions.

6.28 **Authority to Pay Death Taxes:** Except as otherwise specifically provided in this Trust Instrument, including paragraph 5.02.1 (a), or in the Will of the Trustor, federal estate taxes imposed on or by reason of the inclusion of any portion of the trust estate in the gross taxable estate of the Trustor under the provisions of any federal tax law shall be paid by the Trustee and charged to, pro-rated among, or recovered from the residuary beneficiaries of the trust estate or the persons entitled to the benefits under these trusts. Except where otherwise specifically provided, inheritance taxes shall be paid and charged to the residual trust estate.

6.29 **Trustee's Bond:** No bond shall be required of any person named in this Trust Instrument as Trustee, or of any person appointed as the Trustee in the manner specified here, for the faithful performance of his or her duties as Trustee.

6.30 **No-Contest Clause:** If, without probable cause (as defined in California Probate Code §21311(b) or any successor statute), any beneficiary of any trust created by this document, singly or in conjunction with any other person or persons, files a direct contest (as defined in California Probate Code §21310 or any successor statute), that alleges the invalidity of this document or any one or more of its terms or that alleges the invalidity of any will of the settlor[s] or any one or more of its terms, which is in existence on the date this document is executed, then the right of that person to take any interest given to him or her by this document shall be determined as it would have been determined had the person predeceased the execution of this declaration of trust without surviving issue.

The trustee is authorized to defend, at the expense of the trust estate, any contest or other attack of any nature on this trust or any of its provisions.

6.31 **Exculpatory Clause: Trustee and Co-Trustee:** No Trustee designated in this Trust Instrument shall be liable to any beneficiary or to any heir of the Trustor for the Trustee's

acts or failure to act, except for negligence or willful misconduct.

6.32 **Abandonment of Property:** The Trustee is authorized to abandon any property or interest in property belonging to the trust when, in the Trustee's absolute discretion, such abandonment is in the best interest of the trust and its beneficiaries.

6.33 **Power to Delegate:** Any Trustee currently acting as Trustee hereof may delegate any or all of his or her powers to another currently named Trustee for a specified period of time and may resume those powers on written notice to the current Trustee (s).

## ARTICLE VII

## REQUESTS TO SUCCESSOR TRUSTEE

7.1 **Timely Assistance:** The Trustor requests the Successor Trustee to provide timely service and assistance in person, by telephone or mail, as needed for any beneficiary or Co-Trustee who finds it difficult or impossible to provide those services.

7.2 **Assistance with Finances:** The Trustor requests that the Successor Trustee provide or arrange for such assistance as the preparation and filing of tax returns, payment of bills, preparing insurance claims, securing legal aid, etc., for incapacitated beneficiaries or Co-Trustees.

7.3 **Tax Sensitivity:** The Trustor requests that the Successor Trustee be discouraged from selling securities or other assets when such sales incur added tax obligations which are not likely to be offset in a reasonable number of years by the purchase of other securities having expected improved returns.

7.4 **Avoidance of Speculative Investments:** The Trustor requests that the Successor Trustee refrain from any investing or speculating which involves precious jewels or metals, antiques, paintings or other art objects, collectibles, coins or stamps, oil and gas drilling and mining leases or syndicates, commodity or index futures, foreign currency, short selling, buying securities on margin and restricted or lightly-traded stock. In periods of unusually high inflation or of stock or bond market volatility, certain deviations from the foregoing recommendations may be acceptable if considered to be prudent policy by the trust industry under the particular unusual conditions.

7.5 **Interest Rate Sensitivity:** The Trustor requests the Successor Trustee, in periods of rising interest rates, to accumulate a greater-than-normal percentage of interest-earning cash equivalents; such as, savings accounts, money market accounts or funds, short-term-certificates of deposits or short-term U.S. Treasury notes or bills. The objective would be to invest such funds in non-callable, longer term, interest-bearing securities, such as U.S. Treasury bonds, when interest rates appear to be at or near their highs.

## ARTICLE VIII

## MISCELLANEOUS PROVISIONS

The following additional provisions shall apply to the trusts created hereunder:

**8.1 Spendthrift Provisions:**

**8.1.1 Invalid Assignment or Encumbrance of Interest:** No interest in the principal or income of any trust created under this Trust Instrument shall be anticipated, assigned or encumbered, or subject to any creditor's claim or to legal process, prior to its actual receipt by the beneficiary.

**8.1.2 Trustee Discretion to Redirect Payments**: If the creditor of any beneficiary who is entitled to any distributions from a trust established under this Trust Instrument shall attempt by any means to subject to the satisfaction of his claim such beneficiary's interest in distribution, then, notwithstanding any other provision herein, until the release of the writ of attachment or garnishment or other process, the distribution set aside for such beneficiary shall be disposed of as follows:

a. The Trustee shall pay to or apply for the benefit of such beneficiary such sums as the Trustee shall determine to be necessary for the reasonable health, education (including study at an institution of higher learning), and support of the beneficiary according to his or her accustomed mode of life.

b. The portion of the distribution that the Trustee shall determine to be in excess of the amount necessary for such health, education (including study at an institution of higher learning), and support shall in the Trustee's discretion either be added to and become principal in whole or in part or be paid to or applied for the benefit of the other beneficiaries then entitled to receive payments from any trust established under this Trust Instrument, in proportion to their respective interests in the trust estate; or, if there be no other beneficiaries, the excess income may be paid to or applied for the benefit of the person or persons presumptively entitled to the next eventual interest, in proportion to their respective interests therein.

**8.2 No Physical Division of Trust Property Required:** There need be no physical segregation or division of the various trusts except as segregation or division may be required by the termination of any of the trusts, but the Trustee shall keep separate accounts for the different undivided interests.

**8.3 Income Accrued or Distributed:** Income accrued or unpaid on trust property when received into trust shall be treated as any other income. Income accrued or held undistributed by the Trustee at the termination of any trust created hereunder shall go to the next beneficiaries of the trust in proportion to their interest in the trust. The Trustee shall not be required to prorate taxes and other current expenses to the date of distribution. This provision shall not apply to income accrued on Treasury bonds redeemed in payment of the Trustor's federal estate tax.

**8.4 Notice of Events Affecting Interests:** Unless the Trustee shall have received actual written notice of the occurrence of an event affecting the beneficial interests of this trust,

the Trustee shall not be liable to any beneficiary of this trust for distribution made as though such event had not occurred.

**8.5** **<u>Termination of Trust Under $20,000.00:</u>** In the event that the share or separate trust held for any income beneficiary has at any time a total value less than Twenty Thousand Dollars ($20,000.00), the Trustee may, in its discretion, pay the entire share or trust to the beneficiary thereof, or to his or her guardian or conservator, whereupon said trust shall terminate.

**8.6** **<u>Definition of "Issue", "Child" and "Children":</u>** As used herein, the terms "issue", "child" and "children" shall refer to lineal descendants of all degrees and shall include adopted persons.

**8.7** **<u>Definition of "Education":</u>** When ever provision is made herein for payment for the "education" of a beneficiary, the term "education" shall be construed to include, without limitation, lower school private education, vocational, college and post-graduate study so long as pursued to advantage by the beneficiary at an institution of the beneficiary's choice; and in determining payments to be made for such vocational, college or post-graduate education, the Trustee shall take into consideration the beneficiary's related living expenses to the extent that they are reasonable.

**8.8** **<u>Definition of "Trustee", "Successor Trustee":</u>** As used herein, the terms "Trustee" and "Successor Trustee" shall mean the current Trustee or the Successor Trustee if any prior Trustee has been otherwise unable or unwilling to act, depending on the context.

**8.9** **<u>Accounting:</u>** No accounting shall be made by the Trustee to any beneficiary or other person unless such accounting is specifically required by the California Probate Code or other California statute. If so required, any and all accounting shall be made, annually or at other reasonable intervals as determined by the Trustee, to the income beneficiaries of the trust or to their legal guardians or conservators or to the parents or guardians of any minor beneficiaries of this trust as request, in writing, that the Trustee account to them. Unless one or more of the beneficiaries (or parent, guardian or conservator) shall deliver a written objection to the Trustee within ninety (90) days of receipt of the Trustee's account, the account shall be deemed settled and shall be final and conclusive in respect to transactions disclosed in the account as to all beneficiaries of the trust, including unborn and unascertained beneficiaries. After settlement of the account by reason of the expiration of the ninety (90) day period referred to above or by the agreement of the parties, the Trustee shall no longer liable to any beneficiary of the trust, including unborn and unascertained beneficiaries, in respect to transactions disclosed in the account except for the Trustee's willful misconduct or gross negligence.

**8.10** **<u>Termination:</u>** Unless terminated at an earlier date under Article V, this trust shall cease on the date which is twenty-one (21) years after the death of the last survivor of the beneficiaries alive at the time of the death of the Trustor. Upon such termination, the trust estate remaining shall go and be distributed to the persons then entitled to the income therefrom, in the same shares and proportions as they were at the time entitled to receive such income. Provided, however, if any share of any trust becomes distributive to a minor, then such share shall immediately vest in such minor, but the Trustee shall retain possession of each such minor's share during his or her minority. The Trustee shall use and expend so much of the income and principal of each education, support and maintenance and any income not so expended shall be

retained, all the powers and discretion with respect to this trust generally.

**8.11** **Construction and Purpose:** The primary purpose of this Trust Instrument is to provide for the income beneficiaries and the rights and interests of remaindermen are subordinate to that purpose. The provisions of this Trust Instrument shall be construed liberally in the interest of and for the benefit of the income beneficiaries. The Trustees are directed to be reasonably liberal with the guardians of the Trustor's minor children, if any, with regard to reimbursing them for expenses and inconvenience in raising the Trustor's children.

**8.12** **Severability:** If any provision of this Trust Instrument is unenforceable, the remaining provisions shall nevertheless be carried into effect.

**8.13** **Number and Gender: Headings:** As used in this Trust Instrument, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the content so indicates. The headings in this Trust Instrument are inserted for convenience of reference and are not to be considered in construction thereof.

**8.14** **Authority of Trustee:** No person paying money or delivering any property to the Trustee need to see its application.

**8.15** **Collection of Life Insurance Proceeds:** Upon receipt by the Trustee of actual notice of the death of the Insured or covered Trustor, the Trustee shall collect all sums payable to the Trustee as beneficiary of any life insurance policies and of any benefits payable to it under employee benefit plans. The Trustee shall be under no duty to seek reimbursement from any source for any deduction from or charge against the proceeds of any such plan or such policy on account of any indebtedness secured by either. The Trustee shall have the power to compromise, arbitrate or otherwise adjust any claims arising out of any such policies and plans and to take such action as may, in its discretion, be necessary and proper for collection of any such insurance and employee benefit proceeds. The Trustee shall not be obliged to take any action for collection of expenses unless and until it shall have been indemnified to its satisfaction against any loss, liability or expense, including reasonable attorneys' fees.

**8.16** **Receipt of Trustee:** The receipt of the Trustee to the insurer and to the trustee of any employee benefit plan shall be a full discharge and neither the insurer nor such trustee is required to see the application of the proceeds.

**8.17** **No Exoneration:** Any specific bequest of real or personal property to any beneficiary hereunder shall be made without exoneration of, and subject to, any existing encumbrance or lien on such property.

**8.18** **Safe Deposit Boxes:** As to any account or safe deposit box with any bank, savings and loan, credit union or brokerage firm, on which the Trustor wishes to name any child as Co-Trustee on the account or box, such child shall be and hereby is appointed as a Co-Trustee of this trust as to that account or box only.

**8.19** **Subchapter "S" Stock:** Notwithstanding any other provision of this trust, if any trust created hereunder shall consist in whole or in part of stock of an "S" Corporation, as defined in Internal Revenue Code Section 1361 (a) (1), the Trustee shall divide such trust into additional separate trusts which shall hold exclusively said stock, one such trust for each income

beneficiary, in equal shares, and shall pay or apply the entire net income of each said trust to or for the use of the income beneficiary thereof, in annual installments. In no event shall the principal of each such trust be payable to someone other than the income beneficiary during the term of the trust. Upon the termination of the trust during the lifetime of the income beneficiary, the principal of the trust shall be payable to the income beneficiary. Any remaining corpus of this trust shall be payable to the estate of a decedent income beneficiary, or to such one or more persons or entities, including the Trustor's own estate, and on such terms and conditions, either outright or in trust, as the Trustor shall appoint by a Will, Codicil or Living Trust provision, which Trust provision is to take effect upon the death of the Trustor, and which Will, Codicil or Trust provision specifically refers to and exercises this power of appointment.

## ARTICLE IX

## RESIGNATION OF TRUSTEE; SUCCESSOR TRUSTEE

**9.1 Resignation Appointment of Successor:** Any Trustee may resign at any time upon giving written notice, by certified mail to the last known address of the addressee thirty (30) days before such resignation shall take effect, to the Trustor, or, after the death of the Trustor, to all adult beneficiaries and to the guardians, conservators or other fiduciaries of the persons or property of any minor or incompetent beneficiaries who may then be entitled or authorized, in the Trustee's discretion, to receive payments of income hereunder. If no Successor Trustee is herein designated to act in the event of the resignation of the resigning Trustee or no Successor Trustee accepts the office, a majority of adult beneficiaries shall designate a Successor Trustee by written notice to the resigning Trustee. In the event a Successor Trustee shall not be so designated, the resigning Trustee shall have the right to appoint a Successor Trustee, or the resigning Trustee or any such beneficiary of this trust may secure the appointment of a Successor Trustee by a court of competent jurisdiction at the expense of the trust estate. The resigning Trustee shall transfer and deliver to the Successor Trustee the then entire trust and shall have no further powers, discretion, rights, obligations or duties with regard to the trust estate, and all such powers discretion, rights, obligations and duties of the resigning Trustee shall inure to and be binding upon such Successor Trustee.

**9.2 No Liability for Acts of Prior Trustee:** No Successor Trustee, whether or not specifically named, shall have any responsibility to the beneficiaries or the trust estate for the acts or omissions of any prior Trustee in its administration of the trust estate and a Successor Trustee shall have no duty to audit or investigate the accounts or administration of any such Trustee.

## ARTICLE X

## GOVERNING LAW

This trust has been accepted by the Trustee in the State of California, and its validity, construction and all rights thereunder shall be governed by the laws of that state.

## ARTICLE XI

## SUCCESSOR TRUSTEE

The Trustor–Trustee has the authority to act independently of any other Trustee(s) in exercising his or her duties as Trustee. All Co-Trustees (if any) hereof must act concurrently with each other, unless one or more Co-Trustee(s) is/are unable or unwilling to serve, and no alternate Co-Trustee has been appointed, in which event, the remaining Co-Trustee(s) who is/are willing and able shall serve as the Trustee(s) of this trust. The inability or unwillingness of a Trustor-Trustee or a Successor Trustee to serve as current Trustee hereof shall be evidenced by a "Resignation of Trustee" form signed by the Trustor-Trustee or Successor Trustee. Any Successor Trustee shall succeed to all title to the property of the trust estate and all powers, rights, discretion, obligations and immunities of the Trustee hereunder with the same effect as though such successor had been originally named as Trustee but with no liability for acts of prior Trustee. The accountability or responsibility of a Successor Trustee shall be limited to those assets or properties of record title in the prior Trustee at the date on which the Successor Trustee assumed its Trusteeship and which are either delivered into the possession of the Successor Trustee or the existence of which are known to the Successor Trustee. Notwithstanding the foregoing, the Trustor may at any time or times, with or without cause, appoint any person or trust institution to serve with the Trustor as Trustee or Co-Trustee of this trust or change any person or trust institution serving as Trustee or Co-Trustee of this trust to any person or trust institution lawfully able to conduct a trust business in the United States. Any individual Successor Trustee may at any time or times, with or without cause, change any trust institution serving as a Co-Trustee of this trust to any other trust institution lawfully able to conduct a trust business in the United States. Any individual Successor Trustee, other than the Trustor, shall have the power to appoint a Co-Trustee to act as such Co-Trustee with the originally named Successor Trustee. Such named party shall have the Trustee powers and limitations granted by this trust if they accept the position of Co-Trustee. This Co-Trustee shall serve at the convenience of the originally named Successor Trustee and may be removed at any time, with or without cause, by the originally named Successor Trustee. This appointment or removal shall be by written instrument delivered to the acting Trustee(s) and to the newly named Co-Trustee.

---

The undersigned signs this document, and indicates her acceptance and understanding of the terms of this trust.

Executed as of the day and year first above written.

G. Mirzadeh
Ghasem Mirzadeh, Trustor

G. Mirzadeh
Ghasem Mirzadeh, Trustee

# CERTIFICATE OF TRUST

# OF THE

# 2018 GHASEM MIRZADEH TRUST

The undersigned Trustor and Trustee hereby certifies that on June 13, 2018, Ghasem Mirzadeh as Trustor, transferred to Ghasem Mirzadeh, as Trustee of the 2018 Ghasem Mirzadeh Trust, a revocable living trust (the "Trust"), certain items of real and personal property.

**All assets transferred to the Trust were transferred to:**

**"Ghasem Mirzadeh, Trustee or Successor Trustee of the 2018 Ghasem Mirzadeh Trust"**

1. Initial Primary Beneficiary Trustor shall be the initial primary beneficiary of this Trust.

2. Successor Trustee(s) Upon the death, incapacity or resignation of the above named initial Trustee, Minoo Saeidian of 23 Mandrake Way, Irvine, CA 92612, whose telephone number is (949) 664 – 0260 shall act as Successor Trustee. Upon the death, incapacity or resignation of Minoo Saeidian, a new trustee may be appointed by the majority vote of the beneficiaries of this trust.

3. Summary of Trustees Powers To carry out the purposes of the Trust and subject to the limitations stated therein, the Trustee is vested with broad powers with respect to the Trust Estate, in addition to those powers now or hereafter conferred by law, including without limitation:

   A. To perform or to delegate to any non-Trustee, any non-discretionary power, including the power to (singularly or jointly) open, close, or transfer any type of bank accounts and savings and loan association accounts, sign checks, drafts, withdrawal slips or other document, give instructions for the receipt or delivery of securities or other property, give instructions for the payment or the receipt of money, and (singularly or with others) have access to any safe deposit box or other place with property of the Trust created pursuant to this Trust as deposited.

   B. To manage, control, grant options on, sell (for cash or on deferred payments), convey, exchange, partition, divide, improve, and repair trust property; and to create restrictions, easements and other servitudes, with or without consideration under such terms as the Trustee may deem to be in the best interest of the Trust, and to execute deeds, receipts, releases, contracts, or other instruments necessary or incidental to the powers conferred by this Trust Instrument.

C. To lease trust property for any term, whether within or beyond the life of the Trust, for any lawful purpose, including without limitation exploration for and removal of gas, oil, and other minerals, and to enter into community oil, gas and mineral leases, pooling and unitization agreements.

D. To incur indebtedness, borrow money, and to encumber or hypothecate Trust property by mortgage, deed of trust, pledge or otherwise.

E. To carry, at the expense of the Trust, insurance of such kinds and in such amounts as the Trustee shall deem advisable to protect the Trust Estate and the Trustee against any hazard, including, without limitation, life or disability insurance on any Settlor, Beneficiary or Trustee.

F. To change the form of the Trust property or any part thereof at any time, and from time to time, by sale or exchange thereof.

4. <u>**Powers Not Exclusive**</u> The powers set forth in this Certificate or in the Trust are not intended and shall not be construed in any respect as in limitation of any powers conferred upon the Trustee by law, but are intended and shall be construed as being in addition thereto.

5. <u>**Certified Copies of Trust Instrument**</u> Any person may rely on a copy of the Trust Instrument certified to be a true copy of this Trust Instrument. Any person may rely on any statement of fact certified by anyone who appears from the original copy of the Trust Instrument or a certified copy thereof to be a Trustee hereunder. Any person may rely upon a Certificate of Trust, executed and acknowledged by the then living Trustor or the then acting Trustee setting forth all or certain powers of the Trustee as to those powers set forth in such Certificate.

******

Dated: June 13, 2018

TRUSTOR:

G. Mirzadeh

Ghasem Mirzadeh

TRUSTEE:

G. Mirzadeh

Ghasem Mirzadeh

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accurancy, or validity of that document.

On JUNE 13, 2018 before me, A. MESBAH, Notary Public, personally appeared Ghasem Mirzadeh, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ______________________
Notary Public

A. MESBAH
COMMISSION #2116568
Notary Public - California
ORANGE COUNTY
My Commission Expires
JUNE 26, 2019

# DIRECTIONS TO THE TRUSTEE

# FOR FUNDING AND ADMINISTERING

# THE

# 2018 GHASEM MIRZADEH TRUST

**A Revocable Living Trust**

**Trustor: Ghasem Mirzadeh**

**Trustee: Ghasem Mirzadeh**

**Prepared by the**

**Law Offices**
**of**
**Christopher K. Jafari**
**1 Park Plaza, Suite 600**
**Irvine, CA 92614**
**(949) 852-4454**

# DIRECTIONS TO THE TRUSTEE FOR FUNDING AND ADMINISTERING A REVOCABLE LIVING TRUST

Prepared by the Law Offices of Christopher K. Jafari

The name of this Trust is the 2018 Ghasem Mirzadeh Trust

It was created on June 13, 2018

Trustor: Ghasem Mirzadeh

Initial Trustee: Ghasem Mirzadeh

First Successor Minoo Saeidian

Second Successor Trustee: To be determined by the majority vote of the adult beneficiaries of the trust.

When transferring assets into the Trust, use the following language:

**"Ghasem Mirzadeh, Trustee or Successor Trustee of the 2018 Ghasem Mirzadeh Trust"**

## INSTRUCTIONS

The Trustor created this Trust for the following reasons:

1. To provide for the efficient and economical management of Trust assets;
2. To avoid the expenses of probate administration, conservatorship or guardianship in the event of death or disability;
3. To obtain maximum tax benefits, if applicable; and
4. To provide for the administration and distribution of the income and assets during the term of this Trust and at its termination.

You are now responsible for administering this Trust. You must make certain that all of the assets of the Trustor are transferred to the Trust, otherwise, the goal of probate avoidance will not be achieved. Only those assets held in the name of the Trust (with the exception of insurance proceeds, IRA's, qualified pension plans and joint tenancy property) will avoid probate administration at the death of the Trustor.

It will also be necessary to make certain that any subsequently acquired property be placed in the Trust. Further, you must follow the instructions in the Trust to minimize any assessed estate taxes.

The transfer of property to the Trust is like a sale or gift of the asset to another individual. When conveying real property or transferring savings accounts from the Trustor to the Trustee, the transfer is accomplished just as if the property or account was being transferred to a purchaser. With a Trust, the purpose is to transfer property owned by the Trustor so that it is legally owned by the Trust. Ideally, there should be no property owned outright in the name of the Trustor. Only property owned outright by an individual is subject to probate administration.

## I. FUNDING THE TRUST

Although executing the trust documents provides an orderly disposition of the Trustor's estate, probate will not be avoided unless and until the trust obtains legal title to Trustor's property. This procedure is called "funding" the trust.

Documents of title must be executed to fund the trust. You will need new signature cards for the trust bank accounts and new documents of title (deeds) for real property. Benefits from insurance and employee plans may be directed to the trust in the event of Trustor's death. Title to assets you acquire in the future should be placed in the trust's name. If you take title to property in your own names at any time without disclosing the trust, the trust might not be valid to that extent.

In general, title should be held as follows:

**"Ghasem Mirzadeh, Trustee or Successor Trustee of the 2018 Ghasem Mirzadeh Trust"**

You can only manage those assets which have been transferred to the Trust. Any assets which are still titled in your own names will be subject to probate administration. Additionally, if any assets are held in joint tenancy, estate tax savings which may be provided for in the Trust will not be realized. This firm will handle the initial transfer of real estate for you; nevertheless, you should be familiar with the transfer process so that any assets acquired hereafter will be acquired in the name of the Trust.

The following is a list of the types of assets likely owned by yourselves, and which should be transferred into this Trust:

1. Tangible Personal Property. Tangible personal property includes such things as household goods, furniture, furnishings, jewelry, antiques, etc. Since this property is usually held without any recognized document of title, transfer of this type of property is usually done by an assignment from the Trustor to the Trustee. Since property such as this changes constantly, and continuous assignments would be impractical, the initial assignment signed by the Trustors should cover any and all tangible personal property now owned or hereafter acquired.

2. Intangible Personal Property Intangible personal property includes such items as

savings accounts, checking accounts. limited partnerships interest, stocks, mutual funds, bonds. or other items of indebtedness. etc.

Registration of stocks or bonds is not difficult and can easily be accomplished by your stockbroker or the issuing company. If you have a working relationship with a stockbroker. the stocks may be held in "street name" (a brokerage account in the Trust's name with the stocks held in the brokerage company's name). There should be no cost to you in order to have the title changed as indicated. If there is, however, the cost is not great and these assets should be transferred promptly.

Although it is not always required, some stockbrokers do insist that a copy of the Certificate of Trust or the Trust itself be provided before they will affect this transfer.

Intangible assets which are not registered, such as promissory notes or limited partnership interests, present no particular transfer problems. A short form of assignment from the Trustor to the Trustee should be sufficient. This assignment should describe the property with particularity and clearly indicate the intention that this property be transferred to the Trust. In a limited partnership, the general partner should be notified so that the Certificate of Partnership can be amended to reflect the Trustee, instead of the Trustor, as limited partner.

Bank accounts, checking accounts, etc., can be transferred by obtaining a new signature card from the financial institution in which these assets are kept. There should be no prepayment penalty for a transfer of this type, but you should make it clear to the institution that this is your understanding before the transfer is made.

NOTE: Individual Retirement Accounts ("IRAs) cannot be "owned" by the Trustee, as can other accounts, due to IRS restrictions. As such, they cannot be "transferred" into the Trust. However, the Trustee should change the secondary beneficiary (if the owner is married) of the IRA to be the Trustee of the Trust. See additional decisions in paragraph 4, below.

If the Trust assets include government bonds, an application made to the Bureau of Public Debt, 200 3rd Street, Parkersburg, West Virginia 26101, Attention Transactions and Rulings, will result in the government re-issuing bonds in the name of the Trust. The same ownership designation as indicated for other personal property should be utilized.

3. Real Estate To convey real estate to the Trust, the Trustor should execute and record a Deed transferring the property to the Trustee. It is unlikely that the Trust document itself will need to be recorded. Make certain to complete any necessary forms required by any county property tax assessors in the counties where the real property is located, so the tax records indicate that such realty is now Trust property.

If the real estate is not held in fee simple, such as a land contract or leasehold interest, this interest should still be transferred to the Trust, but can be done by a simple assignment. If you have any questions regarding the transfer of any interest in real estate, please contact this office.

4. Pension and Deferred Income Plans If you are married and own any IRA's, pension plans, Keogh's, 401K plans, or other plans under which tax has been deferred and you wish to leave your interest in these plans to your spouse, you should make your spouse the primary beneficiary and the Trust the secondary beneficiary. If you are unmarried, or do not choose to leave your interest in these assets to your spouse, you should make the Trust the beneficiary. However, the trust may be subject to an immediate income tax which could be avoided if your spouse (only) rolled your interest in these types of assets into a "Spousal Rollover IRA". If your spouse elects to receive the distribution and not roll it over, your spouse will pay a tax on the lump sum distribution (after a special averaging method applies) and the proceeds could then go into the Trust. If you wish to make the trust a beneficiary (either primary or secondary) please do as follows: Obtain change of beneficiary forms from your insurance companies, banks, or pension representative for lump sum distributions (death benefits). You should complete the change of beneficiary form for each policy, and send the original executed forms to the appropriate institution. These changes are not effective until received and acknowledged by the companies. The following designations will accomplish the above:

If you want to make the trust the beneficiary, after considering the foregoing provisions of the Article 4, the beneficiary form should be filled in as follows:

Beneficiary:

**"Ghasem Mirzadeh, Trustee or Successor Trustee of the 2018 Ghasem Mirzadeh Trust"**

The designation will direct the lump sum distribution into the trust so that the benefits will be administrated by your trustee according to the estate plan.

5. Life Insurance Just as with other assets, any life insurance policies owned by a Trustor should be transferred to the Trust. If the Trustor should own the insurance, no change is necessary except the name of the beneficiary. The life insurance agent should be able to make the transfer.

If the insurance is owned on some other person, the policy itself should be transferred to the Trust. If this is not done, the proceeds would constitute a probate asset and be subject to attorney fees, executor's commissions and other costs of probate.

Try to obtain a "change of beneficiary" form specifically designed for a trust -- not an "estate". A trust beneficiary form always asks information readily available such as the name and date of your trust, trustees, etc. Sometimes there is no form available for your trust. You may then use a regular change of beneficiary form.

Beneficiary:

**"Ghasem Mirzadeh, Trustee or Successor Trustee of the 2018 Ghasem Mirzadeh Trust"**

6. Safe Deposit Box Your safe deposit box and all of its contents should be in the name of your Trust. If a bank is not certain how to set up the box as part of your trust, suggest to them to set the box up as though it were held by a corporation or business, and list the names of the authorized entrants. Thus the owner will be **"Ghasem Mirzadeh, Trustee or Successor Trustee of the 2018 Ghasem Mirzadeh Trust".** The name (or names) of your successor trustee (or co-trustees) should also be listed on the signature card for the box.

## II.IDENTIFYING THE TRUST FOR TAX PURPOSES

This Trust, while revocable, is not a new and separate taxable entity, and the government will not require an identifying number for income tax purposes. A number will be requested by banks, corporations, or other institutions which are responsible for reporting interest or dividends to the government. You may continue to use your social security number for this purpose until part or all of the Trust becomes irrevocable, at which time it will be necessary to obtain a tax ID number from the IRS by filing Form SS-4.

## III.PROTECTING TRUST ASSETS

When the Trust Agreement has been executed and assets transferred to the Trust, the Trust is then a viable, legal entity and you have full authority, power and control to manage the Trust assets. At this point, you should be aware of certain other responsibilities which you have.

Just as many of the assets were covered by insurance or should have been covered by insurance prior to being transferred to the Trust, these assets should now be so protected. **All insurance on assets that are titled in the name of the trust should now be changed to make the named insured under the policy to be as follows: "Ghasem Mirzadeh, Trustee or Successor Trustee of the 2018 Ghasem Mirzadeh Trust".** It is unlikely that any additional cost will be involved. All items of personal property, including automobiles, and all real estate must be covered by insurance. As Trustee, you should make certain that all assets are covered by insurance, with the trustee included among the named insured(s).

Additionally, after the title of each asset has been transferred from the Trustor to the Trustee, there will be documents of title such as deeds, stock certificates, passbooks, etc., evidencing the fact that these assets are owned by the Trust. Each such title document should be kept in a safe place, such as a safe deposit box, and the person named as Successor Trustee or Executor should be notified as to the location of this place. (In the event that any Trust assets are in "bearer" form, such as bearer bonds or unregistered securities, it is recommended that a separate safe deposit box be obtained and clearly identified as holding only Trust assets.)

If such items were held only in the name of the Trustor, it could be argued that they will

be subject to probate. Additionally, if the safe deposit box is held in the name of the Trustee, the Successor Trustee will be able to gain entrance into the box without the necessity of a court order. The safe deposit box, therefore, should be held in the name of the Trustee and the title should be similar to that used in a bank savings account.

## IV.ADMINISTRATION OF THE TRUST

As Trustee you now legally own each asset in the Trust. A Co-Trustee owns these assets with the other Co-Trustee(s). In the event that anything should happen to the named Successor Trustee, the Trust should be amended to provide for a new Successor Trustee. If you are Trustee of assets for someone other than you personally, you have a fiduciary relationship to such person(s) and the law imposes the highest standard of care on you in regard to the protection of these assets.

Please read the Trust Agreement carefully. This Agreement advises you how to manage and administer the assets transferred to the Trust. You should be aware of your powers, duties and responsibilities, as well as provisions for the distribution of income and principal to the various persons and institutions named as beneficiaries of the Trust. If you have any questions regarding any of these matters, please contact this office.

As Trustee, you must be concerned with the record keeping obligations of the Trust. Its creation is just its beginning. It cannot be funded and then ignored. You have a responsibility to keep accurate records concerning each of the Trust assets. Books and records must be maintained with the help of an accountant, if necessary, to identify the following:

(a) income received each year,
(b) expenses paid each year,
(c) any additions made to the principal of the Trust,
(d) any deductions made from the principal of the Trust,
(e) the value of the principal on hand, and
(f) any changes made to the assets which comprise the Trust principal.

All transactions which involve the Trust assets should be carefully documented. When the Trust books and records are originally established, the cost basis of all assets transferred to the Trust should be determined with precision. This information is far more accessible at the time the Trust is created, because the Trustor should know the location of the various books and records containing this information. If this function is exercised properly, not only will you be free from legal difficulties, but any Successor Trustee's job will be much easier and more comfortable. In the event that you feel that this accounting function is too difficult, do not feel reluctant to employ a certified public accountant to assist you in this vital function.

It is absolutely essential that you segregate the Trust assets from any other property owned by the Trustor or by you as Trustee for another trust.

A further obligation is to file Income Tax Returns with both the State and Federal governments once any portion of this Trust becomes irrevocable. Since this Trust is a revocable trust, all the income and deductions will flow to the Trustor each year. For federal income tax purposes, it will not be necessary for the Trustee to complete Form 1041 until the death of the first (or only) Trustor. If you have any questions regarding the filing of the necessary tax forms, please contact either your accountant or this office for further instructions.

## V.FUNERAL ARRANGEMENTS

Another decision the Trustor should make, subsequent to the ordering of all estate planning and financial affairs, is that of funeral arrangements. Ghasem Mirzadeh has requested and it is his express intention that his body be cremated, and that an autopsy be performed on his body prior to cremation only if any member of his family desires it.

## VI. BIANNUAL REVIEW

This Trust has been properly drafted and executed, and you have now been provided with instructions on how to properly fund it. Frequently, however, new tax laws are passed, a financial or family situation may be altered, or the value or composition of the Trust Estate may change significantly. For this reason, we recommend to all of our clients to contact us every other year for a review of the estate plan. The time involved and cost should be minimal. We believe that such a review will properly insure a continual maintenance of this Trust.

## VII. SUMMARY

You have completed the formative stages of a sophisticated estate plan upon execution of this Trust. A great deal of time, energy and financial resources were devoted to its creation and funding. It is essential, therefore, that it be maintained and administered properly in order for its benefits to be realized. If questions arise from time to time concerning the administration of this Trust, you may contact this office for assistance.

Law Offices of Christopher K. Jafari
Irvine, California

# FIRST AMENDMENT BY GHASEM MIRZADEH TO THE 2018 GHASEM MIRZADEH TRUST

I, Ghasem Mirzadeh, referred to herein as the "Grantor," "Trustee," or "Trustor," currently domiciled in Irvine, California, executed certain estate planning documents, including the revocable living trust commonly known as the Declaration and Agreement of Trust of the 2018 Ghasem Mirazdeh Trust Dated June 13, 2018 and a related Certificate of Trust of the 2018 Ghasem Mirzadeh Trust, hereinafter the "Trust."

WHEREAS, the Trust called for the distribution of certain Trust property which were identified in Schedule A.

WHEREAS, Trustor intends to add the additional real property commonly known as 10 Yellowwood Way, Irvine, CA 92612 as part of the Trust property, with distribution of said property to be made in the same manner as other real property previously identified in the Trust.

NOW THEREFORE, the Trust is hereby amended as set forth below:

**Article V, Section 5.2.1(d)(i)(a) is amended as follows:**

To Trustor's three sisters, Maedeh Mirzadeh, Farkhondeh Mirzadeh, and Soheyla Mirzadeh, one-third of all trust property identified in Schedule A which is attached herewith **and includes the additional real property commonly known as 10 Yellowwood Way, Irvine, CA 92612** except that all of Trustor's shares of stock and/or ownership interest in Sina Corporation d/b/a Irvine Pharmacy and Best Choice Pharmacy shall be distributed solely to Soheyla Mirzadeh, which is in addition to her one-third of trust property.

**Schedule A is amended with the addition of the following real property:**

Real property located at 10 Yellowwood Way, Irvine CA 92612, with its complete legal description set forth in Exhibit A attached herewith;

**All other directions and assets in the Trust to remain the same.**

The undersigned signs this document, and indicates his acceptance and understanding of the terms of this amendment to his Trust.

Executed as of this ______ day of November, 2018.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California County of Orange

On 02/19/19 before me, Kwang Soo Kim, Notary Public, personally appeared Ghasem Mirzadeh

who proved to me on the basis of satisfactory evidence to the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature ______________ (Seal)

G. Mirzadeh

Ghasem Mirzadeh, Trustor

G. Mirzadeh

Ghasem Mirazadeh, Trustee

KWANG SOO KIM
COMM. #2229335
Notary Public - California
Orange County
My Comm. Expires Jan. 28, 2022

**EXHIBIT A**

APN # 453-073-38

LOT 135 OF TRACT NO. 6236 IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 236 PAGE(S) 24-31 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

**SECOND AMENDMENT BY GHASEM MIRZADEH**
**TO THE 2018 GHASEM MIRZADEH TRUST**

I, Ghasem Mirzadeh, referred to herein as the "Grantor," "Trustee," or "Trustor," currently domiciled in Irvine, California, executed certain estate planning documents, including the revocable living trust commonly known as the Declaration and Agreement of Trust of the 2018 Ghasem Mirzadeh Trust dated June 13, 2018 and a related Certificate of Trust of the 2018 Ghasem Mirzadeh Trust, hereinafter the "Trust," and the First Amendment By Ghasem Mirzadeh to the 2018 Ghasem Mirzadeh Trust dated February 19, 2019, hereinafter the "First Amendment" amend the Trust and First Amendment as follows:

1. Any and all references to Minoo Saeidian of 23 Mandrake Way, Irvine, CA 92612 to serve as successor trustee shall be removed and replaced with Soheyla Sandoval of 400 N. Acacia Avenue, Unit A31, Fullerton, CA 92831. If Soheyla Sandoval becomes unable (by reason of death, incapacity, or any other reason) or unwilling to serve or continue to serve as successor trustee, Zahra Mirzadeh of 23 Mandrake Way, Irvine, CA 92612 shall be successor trustee, with full power to continue the trust administration. If Zahra Mirzadeh becomes unable (by reason of death, incapacity, or any other reason) or unwilling to serve or continue to serve as successor trustee, Farkhondeh Mirzadeh of 23 Mandrake Way, Irvine, CA 92612 shall be successor trustee, with full power to continue the trust administration. If Farkhondeh Mirzadeh becomes unable (by reason of death, incapacity, or any other reason) or unwilling to serve or continue to serve as successor trustee, Maedeh Mirzadeh of 23 Mandrake Way, Irvine, CA 92612 shall be successor trustee, with full power to continue the trust administration.

2. Article V, Section 5.2.1(d)(i)(a) and Article V, Section 5.2.1(d)(ii) of the Trust and any references to these sections in the First Amendment are removed and revoked in its entirety.

   Article V, Section 5.2.1(d)(i)(a) is amended as follows:

   a. One hundred percent (100%) of the property located at 23 Mandrake Way, Irvine, CA 92612 to Farkondeh Mirzadeh, outright free of trust; [handwritten insertion: h; initialed G.M.]

   b. One hundred percent (100%) of the property located at 10 Yellowwood Way, Irvine, CA 92612 to Soheyla Sandoval, outright free of trust;

   c. A donation to Iran Balochestan people in the amount of thirty five thousand dollars ($35,000), outright free of trust

   d. Thirty thousand dollars ($30,000) to Chrislie Shayne J. Cruz, an employee of Sina Corp., outright free of trust

   Article V, Section 5.2.1(d)(ii) is amended as follows:

   a. The residue of my estate shall be distributed in the following manner:

Thirty five percent (35%) to Farkhondeh Mirzadeh, outright free of trust
Twenty percent (20%) to Maedeh Mirzadeh, outright free of trust
Fifteen percent (15%) to Soheyla Sandoval, outright free of trust
Ten percent (10%) to Zahra Mirzadeh, outright free of trust
Ten percent (10%) to Tahereh Mirzadeh, outright free of trust
Ten percent (10%) to Mohsen Mirzadeh, outright free of trust

3. I appoint Ahmad Hashemian of Capital Aspects at 1502 E. Warner Ave., Suite E, Santa Ana, CA 92705 to serve as the financial advisor to the Trust.

Executed on 11, 14, 2023, at Newport, California.

The 2018 Ghasem Mirzadeh Trust
TRUSTOR AND TRUSTEE:

G. Mirzadeh
GHASEM MIRZADEH

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF ORANGE

On NOVEMBER 14, 2023, before me, KAREN SCHULDES-BURRIS Notary Public, personally appeared GHASEM MIRZADEH, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Karen Schuldes Burris (SEAL)

KAREN SCHULDES-BURRIS
Notary Public - California
Orange County
Commission # 2392802
My Comm. Expires Mar 3, 2026

# EXHIBIT B

BUFFINGTON LAW FIRM PC
ATTORNEYS AND COUNSELORS AT LAW

8840 Warner Ave., Suite 300· Fountain Valley, CA 92708
Phone: 714-842-6124· Fax: 714-842-6134

*www.buffingtonlawfirm.com*
*Email: notice@buffingtonlawfirm.com*

*January 14, 2025*

Roger J. Buffington, Esq.
Rye Mhtar, Esq.

*Via Us Mail and Email*

Soheyla Sandoval
400 N. Acacia Ave., Unit A31
Fullerton, CA 92831
S.Mirzadeh@gmail.com

Zahra Mirzadeh
23 Mandrake Way
Irvine, CA 92612
shahlamr@gmail.com

**Re: The 2018 Ghasem Mirzadeh Trust – Demand for Accounting and Trust Documents**

Dear Ms. Sandoval and Ms. Mirzadeh:

Our firm represents Mr. Mohsen Mirzadeh as a beneficiary of the 2018 Ghasem Mirzadeh Trust (the "Trust"). It is our client's understanding from his late Brother that our client was a beneficiary of the subject Trust. We understand you are both acting Co-Successor Trustees of the Trust. If you are represented by counsel in this matter, please forward this communication to them and we will deal with them directly moving forward.

Demand is hereby made to the Co-Trustees for a full and complete accounting of the transactions of the Trust for the period from the date of death of Mr. Ghasem Mirzadeh through the present. Demand is further made that this account and report be delivered to o later than sixty (60) days from the date of this correspondence, Demand is further made that the Co-Trustee's account and report comply with the provisions of Probate Code Section 16063 and Chapter 4 of Part 1 of Division 3 of the Probate Code.

Finally, demand is made for all relevant Trust documents, including but not limited to the Trust itself and all amendments thereto. We look forward to your prompt response to the matters raised in this correspondence and compliance with the demands made.

Sincerely,

Roger J. Buffington
Rye Mhtar
Buffington Law Firm, PC

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 8840 Warner Ave., Suite 300 Fountain Valley, CA 92708.

On January 30, 2025, I served the foregoing document described as:

- **PETITIONER MOSHEN MIRZADEH'S PETITION:**
  - **1) INSTRUCTIONS TO TRUSTEE TO PRODUCE A FULL AND COMPLETE COPY OF THE TRUST AND COMPLY WITH §16061.7**
  - [PROB. CODE §§ 16061, 16061.7,
  - 16061.9, 17200(b)(1, 2, 4, 6)]

in the following manner: *(X) Via U.S. Mail*

| | |
|---|---|
| Soheyla Sandoval<br>400 N. Acacia Ave., Unit A31<br>Fullerton, CA 92831 | Zahra Mirzadeh<br>Berckhusenstraße 18<br>30625 Hannover<br>Germany |
| Farkhondeh Mirzadeh<br>23 Mandrake Way<br>Irvine, CA 92612 | Maedeh Mirzadeh<br>Ortmannsweg 3<br>47918 Tönisvorst<br>Germany |
| Tahereh Mirzadeh<br>Laaker Weg 15A<br>31785 Hameln<br>Germany | |

US Mail: I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange County, California, in the ordinary course of business. The envelope is sealed and placed for collection and mailing on this date, following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than 1 day after date of deposit for mailing in this affidavit.

Executed on January 30, 2025 at Orange County, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Krysti Torrey*
Krysti Torrey