Roger J. Buffington (State Bar No. 191960)
Rye Mhtar (State Bar No. 330837)
Buffington Law Firm, PC
4611 Teller Ave., Suite 110
Newport Beach, CA 92660
Main: (714) 842-6124
Fax: (714) 842-6134
notice@buffingtonlawfirm.com

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

PLAINTIFF

V.

FARKHONDEH MIRZADEH, MAEDEH MIRZADEH, SOHEYLA SANDOVAL, ZAHRA MIRZADEH, TAHEREH MIRZADEH, MOHSEN MIRZADEH, DOES 1 THROUGH 10, INCLUSIVE

DEFENDANTS.

Civil Action No.: 8:26-cv-01113-JVS-JDE

**DEFENDANT MOHSEN MIRZADEH'S RESPONSE TO THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT MOHSEN MIRZADEH'S MOTION TO STAY PURSUANT TO THE *COLORADO RIVER* DOCTRINE**

Date: October 19, 2026
Time: 1:30 p.m.
Dept.: 10C

Action Filed: May 7, 2026
Judge: Honorable James V. Selna

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Lincoln National Life Insurance Company ("Lincoln") opposed Defendant Mohsen Mirzadeh's ("Defendant" or "Mohsen") Motion to Stay Pursuant to the *Colorado River* Doctrine ("Motion"). Lincoln's Opposition to Defendant Mohsen Mirzadeh's Motion to Stay Pursuant to the *Colorado River* Doctrine ("Opposition") relies on a misunderstanding of the *Colorado River* Doctrine factors, overstatements of legal authority, and a confused understanding of the functioning of California probate law. Properly understood, the factors indicate that this Court should stay the underlying action (the "Federal Interpleader Matter") and permit the two related state courts cases ("the State Civil Matter") and the ("Trust Litigation Matter") to proceed.

### II. DISCUSSION

#### A. The Lincoln National Life Insurance Company Concedes That the California State Civil Matter and the Federal Interpleader Matter are Sufficiently Parallel for the Application of the Colorado River Doctrine.

In order for the *Colorado River* Doctrine to be applied to a set of cases, they must be sufficiently parallel. "Exact parallelism . . . is not required. It is enough if the two proceedings are 'substantially similar.'" [Nakash v. Marciano (9th Cir. 1989) 882 F.2d 1411, 1416]. In its Opposition, Lincoln did not even address issues of parallelism. Instead, Lincoln jumped directly into application of the *Colorado River* Doctrine. Thus, Lincoln has conceded any issues related to parallelism.

#### B. Lincoln Fails to Properly Address the Trust Litigation Matter That Has Been Active in California State Court Since January 2025

Lincoln makes many arguments regarding the insufficiency of the case filed in the Superior Court of the State of California, County of Orange, entitled *Mohsen Mirzadeh v. Soheyla Sandoval*, Case No.: 30-2025-10597972-CoU-MC-CJC (the "State Civil Matter"). However, while these arguments are incorrect, Lincoln also errs by giving short shrift to the related probate proceeding pending in the Superior Court of California, County of Orange,


https://buffingtonlawfirm-my.sharepoint.com/personal/blfadmin_buffingtonlawfirm_com/Documents/Clients 2025/Mirzadeh-TRST-2024-X/Federal Complaint/Pleadings/4 - Motion to Stay/Reply to Lincoln Life's Opposition to Motion to Stay/1. Response to Opposition to Motion to Stay.docx

entitled *In re The 2018 Ghasem Mirzadeh Trust Dated June 13, 2018*, Case No.: 30-2025-01455673-PR-TR-CMC (the “Trust Litigation Matter”).

The Motion relies, in various arguments, on the Trust Litigation Matter. However, Lincoln’s Opposition saw fit to make only one mention of the case; a mention that fundamentally misunderstands the nature of probate litigation. Lincoln argued that the Trust Litigation Matter had little relevance, as the only party named besides Defendant Mohsen was Soheyla Sandoval (“Sandoval”). [Opposition, p. 7:5–19]. While Lincoln did accurately state the parties in the case are Petitioner Mohsen Mirzadeh and Respondent Soheyla Sandoval as Trustee, an order affecting a beneficiary’s property interest cannot bind that beneficiary without constitutionally adequate notice and an opportunity to be heard. [California Probate Code § 17203; *See* Roth v. Jelley (2020) 45 Cal. App. 5th 655, 670]. This is what binds all beneficiaries and those with an interest in the trust to the decision of the California Probate Court. It is not a case that can be dismissed out of hand, as Lincoln did, since Petitioner only named Respondent Soheyla Sandoval because she is the Trustee. The Trust Litigation Matter, nonetheless, involves all interested persons and any outcome rendered in the Trust Litigation Matter would affect all interested persons and beneficiary interests even if they did not participate as parties in the action.

The Trust Litigation Matter, in summary, involves Respondent Soheyla Sandoval’s failure and refusal to provide Petitioner Mohsen Mirzadeh with Trust administration and accounting information of the Trust. In addition, the Trust Litigation Matter involves Respondent Soheyla Sandoval’s breach of trust when she proceeded to bury Decedent Ghasem Mirzadeh in a cemetery plot while the Trust directed the trustee to cremate Ghasem upon his death. The remainder Trust corpus has not been distributed to date although the beneficiaries thereof are all of Ghasem’s siblings: Soheyla, Tahereh, Mohsen, Farkhondeh, Zahra, and Maedeh.

The outcome of the Trust Litigation Matter is entirely relevant and related to the Civil Litigation Matter because the outcome of the Trust Litigation Matter is directly relevant to the State Civil Matter because the probate proceeding concerns Respondent Sandoval’s

administration of the Trust, her compliance with its terms, and her obligations to the beneficiaries whose interests remain unresolved. The accounting sought in that proceeding may establish what assets Respondent Sandoval received or controlled, how those assets were administered, and what distributions remain due. Those findings may bear on the factual allegations, claimed losses, and available relief in the State Civil Matter. Lincoln's focus on the names appearing in the Trust Litigation Matter overlooks both the substance of the pending petition and the interests implicated by its resolution.

Moreover, naming Respondent Sandoval in her capacity as Trustee does not limit the significance of the proceeding to a personal dispute between Sandoval and Mohsen. The challenged administration concerns a Trust whose remainder beneficiaries include all six of Ghasem's siblings. Judicial determinations concerning that administration may therefore affect beneficiaries beyond the named Petitioner, subject to the applicable notice and due process requirements. Lincoln cannot meaningfully address the relationship among these proceedings by treating the Trust Litigation Matter as irrelevant merely because the other beneficiaries are not named as respondents and did not appear in the action. Accordingly, Lincoln's criticism of the State Civil Matter does not answer the Motion's separate reliance on the pending Trust Litigation Matter. Lincoln offers no substantive explanation why the requested accounting, the alleged breaches of trust, and the unresolved administration and distribution of the Trust have no bearing on the related dispute. The Court should assess that relationship by examining the issues actually presented and the relief sought, rather than accepting Lincoln's characterization based on the named parties in the Trust Litigation alone.

**C. Lincoln Errs in its Application of the *Colorado River* Doctrine Factors.**

Both parties agree that the eight factors used in *R.R. St. & Co. v. Transp. Ins. Co.* [(9th Cir. 2011) 656 F.3d 966, 978–979] should be used to determine whether the *Colorado River* Doctrine favors staying the Federal Interpleader Matter.

**<u>1. The First Factor Is Neutral – Lincoln Misunderstands the Application of the First Factor.</u>**

Lincoln argues that because it has asked this Court to exercise jurisdiction over the funds, and the State Court has not yet been asked to exercise jurisdiction over the funds, the federal court will be the first court to hold jurisdiction and therefore the first factor indicates a denial of the Motion. [Opposition, p. 5:1–11]. Lincoln cites no case or precedent for this claim. This is because there is no case or precedent that supports Lincoln's argument. The first factor does not ask who could win a race in acquiring jurisdiction over the dispute funds; rather, it asks, "which court first assumed jurisdiction over any property at stake." [R. R. St. & Co. 656 F.3d at 978]. No court here has currently assumed jurisdiction over any property at stake in this case. Lincoln has not deposited the funds with this Court. Lincoln must assume this Court's decision on this Motion in order to claim it will be able to later deposit the funds with this Court. Lincoln cannot put the cart before the horse and rely on its assumptions about the outcome of this Motion to make a point in its argument against the Motion itself. Even if one were to take Lincoln's assumptions as true, Lincoln has not cited one case that would support the idea that a future possibility of a court exercising jurisdiction over the funds has any bearing on the analysis under this factor.

Further, Lincoln misunderstands the nature of the first factor. The first factor cannot "favor[] denial of a stay." [Opposition, p. 5:1]. Rather, "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed" and the factor is treated as dispositive. [40235 Washington Street Corp. v. Lusardi (9th Cir. 1992) 976 F.2d 587, 589]. The first prong is either dispositive, neutral, or does not apply. When a court has exercised jurisdiction over the disputed funds, the entire *Colorado River* Doctrine analysis ends there. Thus, where here no court has assumed jurisdiction over the disputed funds, this factor can only be treated as neutral or inapplicable.

**2. The Second Factor – Parties Agree Is Neutral.**

Both Parties agree that the second factor is neutral, and that this Court should treat it as such. [Motion, p. 12:19–24; Opposition, p. 5:22–24].

**3. The Third Factor – Lincoln's Response Fails to Address Defendant Mohsen's Argument and Relies on Incorrect Assumptions.**

Lincoln claims that the fact that not all of the siblings are named as defendants in case filed in the State Civil Matter the Trust Litigation Matter means that inevitably there will be piecemeal litigation regarding the funds in controversy. ***This is incorrect.***

*a. The Trust Litigation Matter*

All of the beneficiaries of the Trust have been notified and given the opportunity to intervene in the Trust Litigation Matter, as required by California probate law. Probate proceedings require all beneficiaries, trustees, or any person whose right, title, or interest would be affected be given notice and an opportunity to be heard. [California Probate Code § 17203; Roth 45 Cal. App. 5th at 670]. This binds all interested parties to the results of the Trust Litigation Matter. Thus, the Trust Litigation Matter is binding and there can be no piecemeal results based on that matter.

*b. The State Civil Matter*

Second, on the State Civil Matter. Lincoln argues that because not all of the beneficiaries of the life insurance policy are joined in this suit, it inevitably leaves Lincoln open to the possibility of further litigation if Defendant Mohsen's Complaint in the State Civil Matter is unsuccessful. [Opposition, p. 6:20–7:4]. This is the only reason that Lincoln was able to provide for why the State Civil Matter could produce a partial resolution. [Id.]. Lincoln was completely capable of intervening in the State Civil Matter to prevent any risk that it sees, and could also have pulled in any other potential parties if it thought it was necessary. Further, Lincoln could have filed an interpleader in California state court, which would prevent the cases from being pulled into a completely new jurisdiction.

Additionally, all of the beneficiaries had notice of the State Civil Matter. [Declaration of Rye Mhtar ("Mhtar Dec.") ¶ 6]. Defendant Mohsen has had discussions with each beneficiary or their representation by and through counsel communications regarding the multiple claims being made in this State Civil Matter and the Trust Litigation Matter. Each beneficiary had the opportunity to join the State Civil Matter if they wanted to but have simply declined to do so. [Id.]. There is no evidence that any particular beneficiary would be more inclined to engage with the Federal Interpleader Matter instead. The State Civil Action specifically calls for

declaratory relief as to how the insurance policies should be distributed. A decision on that issue would rectify all of Lincoln's concerns and bind the beneficiaries through the principles of *res judicata*. [United States v. Schimmels (9th Cir. 1997) 127 F.3d 875, 881 (binding, through *res judicata*, non-parties whose interests were adequately represented or who controlled the original suit); Helfand v. National Union Fire Ins. Co. (1992) 10 Cal. App. 4th 869, 902 ("Privity exists where the nonparty has an identity of interest with, and adequate representation by, the party in the first action and the nonparty should reasonably expect to be bound by the prior adjudication."). Lincoln would not be at risk of any piecemeal litigation because all of the interested persons who are not named as parties will be bound by the decisions may in the State Civil Matter and the Trust Litigation Matter.

c. *Lincoln Misunderstands the Court's Discretion.*

Lincoln claims that it is "a longstanding rule of interpleader law that a properly filed interpleader case takes priority over non-interpleader cases affecting the same funds." [Opposition, p. 8:10–11]. This is incorrect. Lincoln's citations only establish what the actual rule is, that federal courts may *choose* to enjoin the state court actions when presented with an interpleader action. District Courts "possess broad equitable discretion to decline jurisdiction where in their view there is a pending state proceeding that obviates the need for the federal action." [NYLife Distribs. v. Adherence Group (3rd Cir. 1995) 72 F.3d 371, 379]. The precedent consistently establishes that the Court may stay or dismiss an interpleader action when they believe it is appropriate. [*See, e.g.*, American Airlines, Inc. v. Block (2d Cir. 1990) 905 F.2d 12, 14; Koehring Co. v. Hyde Construction Co. (7th Cir. 1970) 424 F.2d 1200, 1202; Humble Oil & Refining Co. v. Copeland (4th Cir. 1968) 398 F.2d 364, 368; Equitable Assurance Soc. v. Porter-Englehart (1st Cir. 1989) 867 F.2d 79, 83]. Thus, it is in the Court's discretion to choose which lawsuit, federal or state, shall continue.

**4. The Fourth Factor – The Federal Interpleader Matter Has No Significant Progress.**

Lincoln claims that because it has served one additional party in the Interpleader Action that the Interpleader Action is more advanced than the State Civil Matter. This is wrong. The parties in the State Civil Matter and the Trust Litigation Matter have spent over a year

developing each case. Currently, there is an upcoming mediation scheduled to proceed on December 1, 2026. [Mhtar Dec. ¶ 7]. This Mediation was ordered by the Trust Litigation Matter Court under *Breslin v. Breslin*, therefore requiring all interested persons to receive notice and participate. The Parties involved in the Federal Interpleader Matter, State Civil Matter, and the Trust Litigation Matter have all met and conferred and agreed to participate in the Mediation to potentially engage in a global resolution between all three matters. [Mhtar Dec. ¶ 7] If the Court were to enjoin the State Civil Matter and the Trust Litigation Matter in favor of development of the Federal Interpleader Matter, it would cause significant financial loss, and a detrimental frustration of settlement efforts to the already well-developed state court matters and frustrate potential settlement between all three matters. The State Civil Matter and the Trust Litigation Matter have developed for over a year, and Lincoln waiting until a year later to attempt to stop the proceedings by filing a federal interpleader is improper and will create extreme inefficiency if permitted to continue.

**5. The Fifth Factor – Lincoln Fails to Address the Trust Litigation Matter.**

Lincoln argues that this factor should be treated as neutral, claiming that the claims present in the State Civil Matter are frequently determined in federal court. Lincoln errs, however, *by failing to even address the Trust Litigation Matter*. The State Civil Matter and Trust Litigation Matter together contain unique, overlapping claims of California trust, probate, and civil law. Together, the two cases create a unique blend that California courts are best equipped to handle. Thus, making this factor in favor of a stay of the Federal Interpleader Matter.

**6. The Sixth Factor – Lincoln Requests Relief From a Problem of Its Own Making.**

Lincoln claims that all of the siblings must be included as parties in order for it to properly dispense the funds. In support of this claim, Lincoln states that it may have to attempt to claw back extra money which it already distributed to Sandoval. However, this situation is of Lincoln's own making. Lincoln is the one who distributed additional funds to Sandoval, and now Lincoln complains that it may have to ask for the money it gave to Sandoval. The State Civil Matter will fully determine the rights and interests of the beneficiaries as to which

beneficiary designation is proper. If the Court makes a determination regarding the beneficiary share of Soheyla Sandoval determining that her share as distributed by Lincoln was not a proper distribution and determines that she should be surcharged for a reduction of her already distributed beneficiary share, she will be forced to return the monies to each of the beneficiaries according to their owed beneficiary share. Lincoln would not be involved with respect to that process, whatsoever.

*a. The Trust Litigation Matter*

As discussed *supra*, all beneficiaries or parties with an interest are given notice and an opportunity to be heard, which ultimately permits all parties to be bound by the decision in the California probate court. [California Probate Code § 17203; Roth 45 Cal. App. 5th at 670]. Further, under *Breslin v. Breslin* [62 Cal. App. 5th 801] petitions in probate court concerning the determination of trust beneficiaries empowers the trial court to order mediation between the parties, as has happened here. All parties receiving notice of the petition are bound by the mediation, even if they do not participate. [Id. at 803]. The parties involved in each matter have agreed to participate in a mediation that is scheduled to take place on December 1, 2026. [Mhtar Dec. ¶ 7]. Each interested person involved in both the State Civil Matter, the Federal Interpleader Matter, and the Trust Litigation Matter have represented agreement to participate. Permitting this Federal Interpleader Matter to continue would disrupt the active efforts of all interested parties in attempting to settle the cases.

*b. The State Civil Matter*

The only beneficiaries who benefited from an increase in their beneficiary share under the subject insurance policies were Soheyla Sandoval and Zahra Mirzadeh. Accordingly, they were the only persons named as defendants in the State Civil Matter. This matter requires no further participation from any other interested party unless they choose to interplead themselves, which they have not. As discussed *supra* in the discussion on the Third Fact, the judgment in the State Civil Matter will be sufficient to determine the proper beneficiary designation and determine what each beneficiary should have received. Additionally, Lincoln was and is completely capable of intervening in the State Civil Matter to prevent any risk that it sees.

Lincoln's concerns revolve around its distribution of the life insurance policy. The Declaratory Action in the State Civil Matter will totally and completely resolve any ambiguity present.

**7. The Seventh Factor – Lincoln Ignores The Lapse In Time.**

While Lincoln protests that it did not select the federal forum for forum shopping reasons, it neglected to discuss one of the other elements that should factor into the Court's decision on this factor. "The court also considers a lapse in time in determining whether a party has engaged in forum shopping." [United States v. State Water Res. Control Bd. (9th Cir. 2021) 988 F.3d 1194, 1206]. Here, where ***Lincoln was aware of the litigation for well over a year***, Lincoln should not be permitted to transfer the entire case and destroy the effort of the parties in the State cases. Lincoln's Opposition makes no mention of the lengthy time it waited before filing its Interpleader Action.

**8. The Eighth Factor – Lincoln's Argument is Vague and Unsubstantiated.**

Lincoln argues that it has unique federal issues that are presented in its Interpleader Action, but for some reason does not see fit to name what those may be. [Opposition, p. 14:26–27]. Instead, Lincoln announces that since there can be no final disposition in the State Civil Matter, the only answer is federal court. This is incorrect. The State Civil Matter and the Trust Litigation Matter can provide a final disposition of all the issues in the Federal Interpleader Matter.

Lincoln's Federal Interpleader seeks to deposit funds with the court, protect itself from liability, and brings a claim against Sandoval for unjust enrichment or mistaken receipt. The State Civil Matter will determine exactly to whom, and how much, the life insurance policy should be distributed to through a declaratory action. Further, it is actively being determined whether all parties who benefited from the beneficiary designation change, i.e., Zahra Mirzadeh, Soheyla Sandoval, Ahmad Hashemian, and Capital Aspects are liable for undue influence and financial elder abuse. These are the two primary concerns laid out in the Federal Interpleader Matter. The only thing not directly addressed is whether Lincoln can deposit the funds with the Court. Not only is Lincoln fully capable of depositing those funds with the California state court through a California interpleader, but Defendant Mohsen would also be amenable to permitting

Lincoln to deposit the funds with the federal court, and then have the federal court stay the action so that the state court can make its ultimate findings and decision. Both of these actions are and will be completely binding on all parties with an interest in the result. ***Thus, the State Civil Matter and the Trust Litigation Matter do provide a final disposition of all the issues raised in the Federal Interpleader Matter***.

## III. CONCLUSION

The Federal Interpleader Matter unnecessarily and improperly interferes with the State Civil Matter and Trust Litigation Matter, creating judicial inefficiency and adding increased difficulties to parties who are attempting to settle. Lincoln has no successful argument indicating the need for the Federal Interpleader Matter to proceed and stay the state matters. Therefore, Defendant Mohsen respectfully requests that the Court stay the Federal Interpleader against him pursuant to the *Colorado River* Doctrine.

Dated: October 5, 2026

Buffington Law Firm PC

Roger J. Buffington
Rye Mhtar

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4611 Teller Ave., Suite 110, Newport Beach, CA 92660.

On October 5, 2026, I served the foregoing document described as:

- **DEFENDANT MOHSEN MIRZADEH'S RESPONSE TO THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT MOHSEN MIRZADEH'S MOTION TO STAY PURSUANT TO THE *COLORADO RIVER* DOCTRINE**
- **DECLARATION OF RYE MHTAR, ESQ. IN SUPPORT OF DEFENDANT MOHSEN MIRZADEH'S RESPONSE TO THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT MOHSEN MIRZADEH'S MOTION TO STAY PURSUANT TO THE *COLORADO RIVER* DOCTRINE**

in the following manner: *(X) Via U.S. Mail & (X) E-Service*

| | |
|---|---|
| Gordon C. Stuart, Esq.<br>Buchalter LLC<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017<br>gstuart@buchalter.com<br>Attorney for Defendant Soheyla Sandoval | Charles Mills, Esq.<br>5440 Trabuco Road<br>Irvine, CA, 92620<br>ckmills@msn.com<br>Attorney for Defendant Zahara Mirzadeh |
| Jeffery P. Boykin<br>325 Front St, Pmb 415,<br>Evanston, WY 82930-3633<br>jefferypboykin@gmail.com<br>Attorney for Farkhondeh Mirzadeh and Tahereh Mirzadeh | James J. Hockel<br>Jenny H. Wang<br>201 California Street, Suite 400<br>San Francisco, CA 94111<br>jhockel@maynardnexsen.com<br>JWang@maynardnexsen.com<br>Attorneys for The Lincoln National Life Insurance Company |
| Brent Dorian Brehm, Esq.<br>Dorian Law P.C.<br>4500 Park Granada, Ste. 202<br>Calabasas, CA 91302<br>brent@dorianlaw.com<br>Attorney for Maedeh Mirzadeh | |

Electronic Mail: I caused such document to be transmitted by electronic mail transmission to the person(s) and address(es) listed herein and/or their attorneys of record as stated above and/or on the attached service list to their known electronic mail address(es). The document(s) was/were transmitted by electronic mail.

As follows: I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange County, California, in the ordinary course of business. The envelope is sealed and placed for collection and mailing on this date, following ordinary business practices. I am aware that on motion of the party served, service is presumed

invalid if postal cancellation date or postage date is more than 1 day after date of deposit for mailing in this affidavit.

Executed on October 5, 2026 at Orange County, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Krysti Torrey

Krysti Torrey